JACOB CRUMP *v.* COMMISSIONER OF CORRECTION
(AC 20338)

Schaller, Zarella and Pellegrino, Js.

56

Submitted on briefs September 15—officially released December 5, 2000

*Patrice A. Cohan*, special public defender, filed a brief for the appellant (petitioner).

*Linda N. Howe*, assistant state's attorney, filed a brief for the appellee (respondent).

*Opinion*

PELLEGRINO, J. The petitioner, Jacob Crump, appeals from the judgment of the habeas court denying his amended petition for a writ of habeas corpus following his conviction after a guilty plea. On appeal, the petitioner claims that the court improperly rejected his assertion that he was denied the effective assistance of counsel because he would not have pleaded guilty if his counsel had explained to him the distinction

between concurrent and consecutive sentencing. We do not find any merit in the petitioner's claim.

The following facts and procedural history are relevant to our disposition of this appeal. On February 9, 1995, the petitioner, who was represented by public defender Miles Gerety, entered a guilty plea under the *Alford* doctrine[1] to a four count information alleging assault of a peace officer in violation of General Statues § 53a-167c (a) (1), interfering with an officer in violation of General Statutes § 53a-167a (a), carrying a pistol without a permit in violation of General Statutes § 29-35 (a) and possession of narcotics in violation of General Statutes § 21a-279 (a). That plea was entered after the conclusion of a separate murder trial in which the petitioner was acquitted of murder, but found guilty of attempt to commit murder, carrying a pistol without a permit and conspiracy to commit murder. *State* v. *Crump*, 43 Conn. App. 252, 683 A.2d 402, cert. denied, 239 Conn. 941, 684 A.2d 712 (1996).

Following his conviction in the murder trial, the petitioner was sentenced to twenty years imprisonment, execution of which was suspended after fourteen years. In the case that gave rise to this petition for a writ for habeas corpus, the plea bargain was not negotiated until after the sentencing in the murder trial. On March 10, 1995, the court, pursuant to the plea bargain, sentenced the petitioner to serve five years consecutive to the fourteen year sentence imposed in the murder case, which increased the petitioner's effective period of incarceration from fourteen years to nineteen years.

On March 5, 1998, the petitioner filed a petition for habeas corpus. The habeas court found that the petitioner failed to meet his burden of proving his claim of ineffective assistance of counsel pursuant to the stan-

[1] See *North Carolina* v. *Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970).

dards established in *Strickland* v. *Washington,* 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), and *Hill* v. *Lockhart,* 474 U.S. 52, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1985). The habeas court, therefore, denied the petition and subsequently granted the petitioner's petition for certification to appeal. This appeal followed.

The standard of appellate review of a habeas corpus proceeding is well settled. Although a "habeas court's findings of fact are reviewed under the clearly erroneous standard of review"; *Morrison* v. *Commissioner of Correction,* 57 Conn. App. 145, 147, 747 A.2d 1058, cert. denied, 253 Conn. 920, 755 A.2d 215 (2000); "[w]hether the representation a defendant received at trial was constitutionally inadequate is a mixed question of law and fact. *Strickland* v. *Washington,* supra, 466 U.S. 698. As such, that question requires plenary review by this court unfettered by the clearly erroneous standard." *Copas* v. *Commissioner of Correction,* 234 Conn. 139, 152–53, 662 A.2d 718 (1995); *Daniel* v. *Commissioner of Correction,* 57 Conn. App. 651, 663, 751 A.2d 398, cert. denied, 254 Conn. 918, 759 A.2d 1024 (2000).

On appeal, the petitioner claims that he did not understand the difference between consecutive and concurrent sentencing, and that at the time he entered his guilty plea, his counsel failed to explain the difference adequately. The petitioner further claims that had he understood the difference between consecutive and concurrent sentencing, he would not have pleaded guilty and would have elected to go to trial. The petitioner argues that because his counsel failed to explain the difference, he was denied the effective assistance of counsel. We disagree.

"A criminal defendant is constitutionally entitled to adequate and effective assistance of counsel at all critical stages of criminal proceedings. *Strickland* v. *Washington,* supra, 466 U.S. 686. This right arises under the

sixth and fourteenth amendments to the United States constitution and article first, § 8, of the Connecticut constitution. . . . Pretrial negotiations implicating the decision of whether to plead guilty is a critical stage in criminal proceedings . . . and plea bargaining is an integral component of the criminal justice system . . . ." (Citations omitted.) *Copas* v. *Commissioner of Correction*, supra, 234 Conn. 153; *Daniel* v. *Commissioner of Correction*, supra, 57 Conn. App. 664.

"In order . . . to prevail on a constitutional claim of ineffective assistance of counsel, [the petitioner] must establish both (1) deficient performance, and (2) actual prejudice." *Bunkley* v. *Commissioner of Correction*, 222 Conn. 444, 445, 610 A.2d 598 (1992); *Daniel* v. *Commissioner of Correction*, supra, 57 Conn. App. 664. "Thus, he must establish not only that his counsel's performance was deficient, but that as a result thereof he suffered actual prejudice, namely, 'that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.' *Strickland* v. *Washington*, supra, 466 U.S. 694." *Daniel* v. *Commissioner of Correction*, supra, 664.

"In *Hill* v. *Lockhart*, supra, 474 U.S. 57–58, the court determined that the [*Strickland*] two-part standard applies to claims arising from the plea negotiation process and that the same justifications for imposing the prejudice requirement in *Strickland* were relevant in the context of guilty pleas. Although the first half of the *Strickland* test remains the same for determining ineffective assistance of counsel at the plea negotiation stage, the court modified the prejudice standard . . . to require . . . the defendant [to] show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." (Internal quotation marks omitted.) *Copas* v. *Commissioner of Correction*, supra, 234 Conn.

156; *Daniel* v. *Commissioner of Correction,* supra, 57 Conn. App. 664–65.

In the present case, the habeas court, in a well reasoned memorandum of decision, found that the petitioner had failed to meet his burden of satisfying either prong of the *Strickland-Hill* test. The court found that the petitioner failed to present credible evidence that attorney Gerety's performance was deficient. The court further found, on the basis of the strength of the state's case and the defenses available to the petitioner, that it was reasonably probable that he would have been convicted of the most serious charges and would have received a significantly lengthier consecutive sentence after trial. Furthermore, the court concluded "that the petitioner is an intelligent and articulate individual and that he understood what a consecutive sentence meant at the time he entered his plea." This court cannot conclude that those factual findings are clearly erroneous. After our plenary review of the record as a whole, we conclude that the habeas court correctly found that the petitioner failed to carry his burden of establishing that his trial counsel provided ineffective assistance under the *Strickland-Hill* test. We therefore must affirm the judgment of the habeas court.

The judgment is affirmed.

In this opinion the other judges concurred.