## CHRISTOPHER CROWDER *v.* COMMISSIONER OF CORRECTION
### (AC 21496)

Schaller, Mihalakos and O'Connell, Js.

Submitted on briefs September 12—officially released November 13, 2001

*Patrice A. Cohan*, special public defender, filed a brief for the appellant (petitioner).

*Linda N. Howe*, assistant state's attorney, filed a brief for the appellee (respondent).

*Opinion*

PER CURIAM. The petitioner brings this appeal from the habeas court's denial of his petition for a writ of habeas corpus. The petitioner claims that the habeas court improperly denied his petition because his counsel at trial was ineffective and, therefore, his confinement is unlawful. We disagree and affirm the habeas court's judgment.

On September 4, 1996, the petitioner entered a guilty plea, pursuant to the *Alford*[1] doctrine, to a charge of murder in violation of General Statutes § 53a-54a (a).[2] Thereafter, the trial court sentenced him to thirty-five years imprisonment. On July 23, 1999, the petitioner filed an amended petition for a writ of habeas corpus in which he claimed that his confinement was unlawful because he had received ineffective assistance from his trial counsel. Specifically, he claimed that his counsel had failed to inquire into his alcohol dependency at the time that he was charged with murder, had failed to advise him adequately regarding the choice between entering a guilty plea or proceeding to trial, and had failed to investigate sufficiently the defense of extreme emotional distress. After a May 2, 2000 hearing, the habeas court rejected those claims and, on October 3, 2000, it rendered a judgment denying the petition. On December 13, 2000, the habeas court granted the petition for certification to appeal.

"In a habeas appeal, although this court cannot disturb the underlying facts found by the habeas court unless they are clearly erroneous, our review of whether the facts as found by the habeas court constituted a violation of the petitioner's constitutional right to effective assistance of counsel is plenary." (Internal quota-

---

[1] See *North Carolina* v. *Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970).

[2] General Statutes § 53a-54a (a) provides: "A person is guilty of murder when, with intent to cause the death of another person, he causes the death of such person or of a third person or causes a suicide by force, duress or deception; except that in any prosecution under this subsection, it shall be an affirmative defense that the defendant committed the proscribed act or acts under the influence of extreme emotional disturbance for which there was a reasonable explanation or excuse, the reasonableness of which is to be determined from the viewpoint of a person in the defendant's situation under the circumstances as the defendant believed them to be, provided nothing contained in this subsection shall constitute a defense to a prosecution for, or preclude a conviction of, manslaughter in the first degree or any other crime."

tion marks omitted.) *Payne* v. *Commissioner of Correction*, 62 Conn. App. 583, 584, 772 A.2d 630 (2001).

"A criminal defendant is constitutionally entitled to adequate and effective assistance of counsel at all critical stages of criminal proceedings. *Strickland* v. *Washington*, [466 U.S. 668, 686, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)]. This right arises under the sixth and fourteenth amendments to the United States constitution and article first, § 8, of the Connecticut constitution. . . . Pretrial negotiations implicating the decision of whether to plead guilty is a critical stage in criminal proceedings . . . and plea bargaining is an integral component of the criminal justice system . . . ." (Internal quotation marks omitted.) *Crump* v. *Commissioner of Correction*, 61 Conn. App. 55, 58–59, 762 A.2d 491 (2000).

"[T]o prevail on a constitutional claim of ineffective assistance of counsel, [the petitioner] must establish both (1) deficient performance, and (2) actual prejudice. . . . In *Hill* v. *Lockhart*, [474 U.S. 52, 57–58, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1985)], the court determined that the [*Strickland*] two-part standard applies to claims arising from the plea negotiation process . . . . Although the first half of the *Strickland* test remains the same for determining ineffective assistance of counsel at the plea negotiation stage, the court modified the prejudice standard . . . to require . . . the [petitioner to] show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." (Citations omitted; internal quotation marks omitted.) *Crump* v. *Commissioner of Correction*, supra, 61 Conn. App. 59.

The habeas court found that the petitioner failed to meet his burden of establishing that his counsel had performed deficiently, and, therefore, it was unneces-

sary for the court to consider whether prejudice had occurred. The court heard the testimony of the petitioner and his trial counsel, reviewed several trial transcripts and exhibits, and, on the basis of that information, wrote a well reasoned memorandum of decision. The court, largely through its evaluation of the credibility of the witnesses, concluded that counsel did inquire into the petitioner's alcohol dependency and the potential of an emotional distress defense by discussing each with a psychiatrist who had examined the petitioner. Relying on counsel's testimony and on its assessment of a letter written by the petitioner to his counsel just prior to the petitioner's guilty plea, the court also concluded that the petitioner was well aware of the option of a trial along with the attendant risks.

Because it is not this court's role to reevaluate the credibility of witnesses; see *Greene* v. *Perry*, 62 Conn. App. 338, 342, 771 A.2d 196, cert. denied, 256 Conn. 917, 773 A.2d 943 (2001); or to second-guess a lower court on questions of fact; see *State* v. *Hernandez*, 53 Conn. App. 706, 710, 736 A.2d 137 (1999), aff'd, 254 Conn. 659, 759 A.2d 79 (2000); and because the petitioner does not direct us to any defects in the habeas court's legal or logical reasoning,[3] we decline to disturb the court's judgment.

The judgment is affirmed.

---

[3] The petitioner's brief consists largely of a recitation of the standards for effective assistance of counsel. The petitioner provides no argument or analysis of his claims pursuant to those standards.