KEVIN R. STANLEY *v.* COMMISSIONER OF
CORRECTION
(AC 20530)

Schaller, Mihalakos and O'Connell, Js.

Submitted on briefs September 12—officially released December 18, 2001

*Richard C. Marquette*, special public defender, filed a brief for the appellant (defendant).

*Michael Dearington*, state's attorney, and *Mitchell S. Brody* and *Mary Elizabeth Baran*, senior assistant state's attorneys, filed a brief for the appellee (state).

*Opinion*

PER CURIAM. The petitioner, Kevin R. Stanley, appeals from the judgment of the habeas court denying his second amended petition for a writ of habeas corpus dated April 23, 1999. On January 12, 2000, the court granted the petitioner's timely petition for certification to appeal. On appeal, the petitioner claims that the habeas court improperly (1) concluded that he failed to demonstrate that he received ineffective assistance of trial counsel and (2) rejected his claim of actual innocence. We affirm the judgment of the habeas court.

On November 7, 1989, the petitioner became involved in an altercation that culminated in his shooting Javin Green at the corner of Dixwell Avenue and Argyle Street in New Haven. Green later died from the gunshot wounds. Following a jury trial, the petitioner was convicted of murder pursuant to General Statutes § 53a-54a. On direct appeal, our Supreme Court upheld his conviction. *State* v. *Stanley*, 223 Conn. 674, 613 A.2d 788 (1992).

The petitioner filed an amended petition for a writ of habeas corpus on February 11, 1999, and a second amended petition on April 23, 1999. In the second amended petition, the petitioner claimed that his trial

counsel's assistance was ineffective and, thus, that he was denied adequate counsel and his due process rights under the sixth and fourteenth amendments to the United States constitution and under article first, § 8, of the constitution of Connecticut. Specifically, the petitioner argued that his trial counsel was ineffective because he failed to adequately "(1) consult and advise the petitioner as to the evidence, defenses, plea negotiations, the consequence of his plea, whether to testify and as to the suppression of his statement, (2) investigate facts, witnesses and police reports, (3) prepare for the hearing in probable cause, suppression of his statement and identification, for cross-examination of witnesses and presentation of evidence, (4) prepare for trial to represent and exclude evidence, cross-examine and set out a theory of defense for effective argument on the motion for judgment of acquittal and closing argument and (5) preserve petitioner's right to sentence review."

After considering the evidence presented at the habeas hearing and assessing the credibility of the witnesses, the habeas court found that the petitioner failed to show that his counsel's representation fell below an objective standard of reasonableness. See *Strickland* v. *Washington*, 466 U.S. 668, 687–88, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). Accordingly, the court denied the petitioner's claim of ineffective assistance of counsel.[1]

"Our standard of review of a habeas court's judgment on ineffective assistance of counsel claims is well settled. In a habeas appeal, this court cannot disturb the underlying facts found by the habeas court unless they are clearly erroneous, but our review of whether the facts as found by the habeas court constituted a violation of the petitioner's constitutional right to effective assistance of counsel is plenary." (Internal quotation

---

[1] The court also restored the petitioner's right to sentence review.

marks omitted.) *Goodrum* v. *Commissioner of Correction*, 63 Conn. App. 297, 299, 776 A.2d 461, cert. denied, 258 Conn. 902, 782 A.2d 136 (2001).

"A criminal defendant is constitutionally entitled to adequate and effective assistance of counsel at all critical stages of criminal proceedings. *Strickland* v. *Washington*, supra, 466 U.S. 686. This right arises under the sixth and fourteenth amendments to the United States constitution and article first, § 8, of the Connecticut constitution. *Crump* v. *Commissioner of Correction*, [61 Conn. App. 55, 58–59, 762 A.2d 491 (2000)]. In order . . . to prevail on a constitutional claim of ineffective assistance of counsel, [the petitioner] must establish both (1) deficient performance, and (2) actual prejudice. . . . Id., 59, quoting *Bunkley* v. *Commissioner of Correction*, 222 Conn. 444, 445, 610 A.2d 598 (1992). To prove that his counsel's performance was deficient, the petitioner must demonstrate that counsel's representation fell below an objective standard of reasonableness. . . . *Henry* v. *Commissioner of Correction*, 60 Conn. App. 313, 317, 759 A.2d 118 (2000). Furthermore, the petitioner must establish not only that his counsel's performance was deficient, but that as a result thereof he suffered actual prejudice, namely, that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland* v. *Washington*, supra, [694]. *Crump* v. *Commissioner of Correction*, supra, 59." (Internal quotation marks omitted.) *Milner* v. *Commissioner of Correction*, 63 Conn. App. 726, 738, 779 A.2d 156 (2001). Our review of the record reveals that the petitioner has failed to make a showing that he has been denied the effective assistance of counsel or his due process rights under the sixth and fourteenth amendments to the United States constitution or article first, § 8, of the constitution of Connecticut.

Furthermore, the petitioner's second amended petition solely presents a claim of ineffective assistance of counsel. Nowhere in his petition does he allege actual innocence. This claim was first raised in his appellate brief. We therefore decline to consider it on appeal. See *Baker* v. *Cordisco*, 37 Conn. App. 515, 522, 657 A.2d 230, cert. denied, 234 Conn. 907, 659 A.2d 1207 (1995).

The judgment is affirmed.