ROBERT W. KING *v.* COMMISSIONER
OF CORRECTION
(AC 21908)

Mihalakos, Flynn and Hennessy, Js.

Submitted on briefs September 16—officially released November 19, 2002

*William A. Snider* filed a brief for the appellant (petitioner).

*Scott J. Murphy*, state's attorney, *Melissa L. Streeto*, special deputy assistant state's attorney, *Mary Rose Palmese*, supervisory assistant state's attorney, and *Louis J. Luba, Jr.*, assistant state's attorney, filed a brief for the appellee (respondent).

*Opinion*

PER CURIAM. The petitioner, Robert W. King, appeals from the judgment of the habeas court denying his amended petition for a writ of habeas corpus. The petitioner claims that the court improperly failed to conclude that his trial counsel was ineffective during plea negotiations and that prejudice resulted to the petitioner. We affirm the judgment of the habeas court.

The following facts and procedural history are relevant. In connection with acts he was alleged to have committed against his live-in girlfriend on July 30, 1996, the petitioner was charged with unlawful restraint in the first degree in violation of General Statutes § 53a-95, assault in the second degree in violation of General

Statutes § 53a-60, breach of the peace in violation of General Statutes § 53a-181 and attempt to commit sexual assault in the first degree in violation of General Statutes §§ 53a-49 and 53a-70. After he rejected two plea offers and jury selection for a trial had commenced, the petitioner pleaded guilty to a substitute information charging him with assault in the second degree in violation of § 53a-60 (a) (1), kidnapping in the second degree in violation of General Statutes § 53a-94 (a), and attempt to commit aggravated sexual assault in the first degree in violation of General Statutes §§ 53a-49 and 53a-70a (a) (2) and (3).[1] Although he was exposed to a potential forty-five years incarceration, the petitioner, after being canvassed by the court, received a sentence of only eight years imprisonment, five of which were mandatory. On April 13, 2000, he filed an amended petition for a writ of habeas corpus in which he alleged that his trial counsel was ineffective in various respects during the plea negotiations. After a hearing on October 3 and 26, 2000, the court denied the petition and granted certification to appeal to this court.

We first note the applicable standard of review. "Although a habeas court's findings of fact are reviewed under the clearly erroneous standard of review; *Morrison* v. *Commissioner of Correction*, 57 Conn. App. 145, 147, 747 A.2d 1058, cert. denied, 253 Conn. 920, 755 A.2d 215 (2000); [w]hether the representation a defendant received at trial was constitutionally inadequate is a mixed question of law and fact. *Strickland* v. *Washington*, [466 U.S. 668, 698, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)]. As such, that question requires plenary review by this court unfettered by the clearly erroneous standard." (Internal quotation marks omit-

---

[1] The petitioner pleaded guilty to the first two charges. He pleaded guilty to the third charge pursuant to the *Alford* doctrine. See *North Carolina* v. *Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970).

ted.) *Crump* v. *Commissioner of Correction*, 61 Conn. App. 55, 58, 762 A.2d 491 (2000).

"A criminal defendant is constitutionally entitled to adequate and effective assistance of counsel at all critical stages of criminal proceedings. *Strickland* v. *Washington*, supra, 466 U.S. 686. This right arises under the sixth and fourteenth amendments to the United States constitution and article first, § 8, of the Connecticut constitution. . . . Pretrial negotiations implicating the decision of whether to plead guilty is a critical stage in criminal proceedings . . . and plea bargaining is an integral component of the criminal justice system . . . ." (Internal quotation marks omitted.) *Crump* v. *Commissioner of Correction*, supra, 61 Conn. App. 58–59.

"In order . . . to prevail on a constitutional claim of ineffective assistance of counsel, [the petitioner] must establish both (1) deficient performance, and (2) actual prejudice. *Bunkley* v. *Commissioner of Correction*, 222 Conn. 444, 445, 610 A.2d 598 (1992); *Daniel* v. *Commissioner of Correction*, [57 Conn. App. 651, 664, 751 A.2d 398, cert. denied, 254 Conn. 918, 759 A.2d 1024 (2000)]. Thus, he must establish not only that his counsel's performance was deficient, but that as a result thereof he suffered actual prejudice, namely, that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland* v. *Washington*, supra, 466 U.S. 694." (Internal quotation marks omitted.) *Crump* v. *Commissioner of Correction*, supra, 61 Conn. App. 59. With regard to claims arising from the plea negotiation process, the petitioner must "show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." (Internal quotation marks omitted.) Id., quoting *Hill* v. *Lockhart*, 474 U.S. 52, 57–58, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1985). Because both prongs

of the *Strickland* test must be established for a habeas petitioner to prevail, a court may dismiss a petitioner's claim if he fails to meet either prong. *Denby* v. *Commissioner of Correction*, 66 Conn. App. 809, 813, 786 A.2d 442 (2001), cert. denied, 259 Conn. 908, 789 A.2d 994 (2002).

The petitioner makes a number of claims of ineffective assistance, each of which merits only brief discussion. First, the petitioner claims that his trial counsel was ineffective in failing to investigate and to advise him as to a possible intoxication defense. Because the court's memorandum of decision is devoid of any findings or analysis on that issue, and because the petitioner did not seek an articulation, the record is inadequate and we cannot review his claim. See, e.g., *Gipson* v. *Commissioner of Correction*, 67 Conn. App. 428, 435, 787 A.2d 560 (2001); *Adorno* v. *Commissioner of Correction*, 66 Conn. App. 179, 187–88 n.3, 783 A.2d 1202, cert. denied, 258 Conn. 943, 786 A.2d 428 (2001).[2]

The petitioner claims next that his counsel was ineffective in failing to advise him accurately regarding the mandatory portion of the sentence. In denying that claim, the court focused on the prejudice prong of the *Strickland* analysis. The court concluded that the petitioner had not demonstrated prejudice because during the plea canvass, the sentencing court fully apprised him of the nature of the sentence that he would receive pursuant to his plea and of the forty-five year sentence that he could receive after a trial. The petitioner thereafter stated that he did not want to continue to trial. We agree with the court's conclusion that in light of

---

[2] Nonetheless, our review of the record discloses virtually nothing that supports the notion that an intoxication defense would have been successful and, thus, that the petitioner was prejudiced by his counsel's failure to pursue that defense. We note that although the habeas court did not allow the petitioner to testify about the events of July 30, 1996, he has not appealed from that evidentiary ruling.

the foregoing, the petitioner failed to demonstrate that it was reasonably probable that but for counsel's alleged inaccurate advice, he would have chosen to proceed to trial rather than to plead as he did.

The petitioner also claims that counsel was ineffective for failing to advise him of his right to seek review of his sentence. The trial court found that the petitioner had waived his right to seek review in this instance.

"[A] 'plea agreement,' for the purpose of excluding sentence review under [General Statutes] § 51-195, requires that the defendant and the state's attorney agree to a recommendation of a specific term of years of incarceration, without a reservation by the defendant of the right to argue for a lesser sentence. Any reservation of the right to argue for a lesser sentence affords the court the very discretion that the statute intended to monitor." *State* v. *Anderson*, 220 Conn. 400, 407, 599 A.2d 738 (1991).

We agree with the court that in this case, the right to seek review did not apply because the petitioner's sentence resulted from the court's acceptance of a plea agreement, pursuant to which the petitioner waived the right to argue for a lesser sentence. See General Statutes § 51-195; *State* v. *Anderson*, supra, 220 Conn. 407.

The petitioner claims last that his counsel was ineffective for failing to advise him regarding his right to appeal from his conviction. There is no constitutional mandate that to provide reasonably competent assistance, defense counsel always must inform a criminal defendant of the right to appeal from the judgment rendered after the acceptance of a guilty plea. *Ghant* v. *Commissioner of Correction*, 255 Conn. 1, 9, 761 A.2d 740 (2000). Instead, counsel has a constitutional obligation to advise a defendant of appeal rights "when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there

are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." Id. In this case, it is not contested that the petitioner did not express any interest in appealing. Further, the petitioner has not demonstrated any defects or irregularities in the plea negotiation and acceptance process that suggest that an appeal would have been anything but frivolous. The court properly rejected the petitioner's claim.

The judgment is affirmed.