[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The petitioner, by counsel, has filed a third amended petition for a writ of habeas corpus. The first count alleges that the petitioner has newly discovered evidence to prove that he is actually innocent. The second count claims ineffective assistance of trial counsel.
The petitioner was the defendant in a criminal case in the judicial district of New Haven wherein he was charged with two counts of accessory to robbery in the first degree with a firearm in violation of C.G.S. § 53a-8 and 53a-134 (a) (4), two counts of conspiracy to commit robbery in the first degree in violation of C.G.S. § 53a-48 and 53a-134
(a) (4), two counts of larceny in the second degree as an accessory in violation of C.G.S. § 53a-8 and 53a-123 (a) (3), and one count of coercion in violation of C.G.S. § 53a-192 (a) (1). After a jury trial, he was found guilty of all charges except coercion. He was sentenced to a total effective sentence of forty years imprisonment, which sentence he is now serving. He was represented in all phases of the criminal trial, except sentencing, by attorney Steven Walsh. All of the convictions were affirmed on appeal. State v. Cole, 57 Conn. App. 559
(2000).
This court heard this case on August 1 and December 9, 2002. The petitioner, Attorney Walsh, Joseph Jackson, and Inspector Mel Cartocetti testified. The exhibits consisted of the transcript of the trial and sentencing, the statement given to the police by Mr. Jackson, and a copy of the Appellate Court opinion.
The criminal charges arose out of two bank robberies that occurred on April 29, 1996. The first robbery was of the Centerbank at 388 Whalley Avenue in New Haven at 12:55 p.m. The second was of the Bank of Boston at 838 Whalley Avenue, New Haven at 2:32 p.m. The state claimed that the petitioner, who was forty years old, came up with the scheme to rob the two banks. He then convinced two juveniles, aged sixteen and fifteen, and armed with a loaded firearm, to rob the banks while he waited in the CT Page 1328 getaway car with a police scanner, a block or two away from the banks.
The standard of proof in a habeas action where the petitioner presents a claim of actual innocence is well established in Connecticut jurisprudence. "[T]he proper standard for evaluating a freestanding claim of actual innocence . . . is two fold. First, the petitioner must establish by clear and convincing evidence that, taking into account all of the evidence — both the evidence adduced at the original criminal trial and the evidence adduced at the habeas corpus trial — he is actually innocent of the crime of which he stands convicted. Second, the petitioner must also establish that, after considering all of that evidence and the inferences drawn therefrom . . . no reasonable fact finder would find the petitioner guilty of the crime."Miller v. Commissioner of Correction, 242 Conn. 745, 747, 700 A.2d 1108
(1997); accord Clark v. Commissioner of Correction, 249 Conn. 350, 355732 A.2d 754 (1999). The Supreme Court has "not decided whether a habeas petitioner's claim of actual innocence must be based on new evidence, and . . .therefore, [that issue] should be regarded as an open question in our habeas jurisprudence." Clark v. Commissioner of Correction, supra, 358.)
In support of the claim of actual innocence, the petition lists several witnesses who will testify and a brief reference to their expected testimony. The witnesses listed were an unnamed store clerk at a market, an unnamed manager of a towing service, Albert Robertson, and the petitioner's sister. None of these witnesses testified. The only witness who gave testimony exculpatory of the petitioner at the habeas trial, other than the petitioner himself, was Joseph Jackson. Mr. Jackson, a previously convicted felon, was charged as a co-conspirator with the petitioner in the crimes for which the petitioner was convicted, gave a 59 page confession admitting his and the petitioner's involvement in these two robberies, as well as several other robberies, pleaded guilty to various crimes, and is serving a 13 year sentence. He did not testify at the petitioner's criminal trial. His testimony was substantially in accord with his earlier confession except that he recanted any involvement of the petitioner. The court finds that Mr. Jackson was not a credible witness and does not accept his testimony.
The evidence offered at the criminal trial clearly was sufficient to support the verdicts of guilty, and if Mr. Jackson and the petitioner had testified it would not have changed the verdicts. The petitioner has failed to establish, by clear and convincing evidence that he is actually innocent of the crimes of which he stands convicted. In addition, the petitioner has failed to prove, based on all the evidence offered at both the criminal trial and the habeas trial, that no reasonable fact finder CT Page 1329 would find him guilty.
The second count makes a claim of ineffective assistance of trial counsel as follows:
(a) Trial counsel failed to "adequately investigate" the petitioner's sister, an unnamed store clerk at Prince Market, Albert Robertson, and an unnamed manager of AA Towing.
(b) Trial counsel failed to call as witnesses the petitioner's sister, the store clerk, Albert Robertson, the manager of AA Towing, Cynthia Daniels who is a bank teller at Centerbank, Elizabeth Vidro who is a branch teller at Bank of Boston, and Detective John Bashta.
(c) Trial counsel did not "adequately cross-examine" FBI agent Vic Treadway.
(d) Trial counsel failed to review and request the petitioner's FBI investigation file.
(e) Trial counsel withdrew the petitioner's motion for a speedy trial.
(f) Trial counsel failed to request separate trials for each bank robbery.
(g) Trial counsel used Lewis Spina, who was formerly a New Haven police officer, and who returned to the New Haven Police Department sometime after the trial, as an investigator.
(h) Trial counsel's failure to prepare himself sufficiently for trial created the errors and omissions of paragraphs A through G.
"A criminal defendant is constitutionally entitled to adequate and effective assistance of counsel at all critical stages of criminal proceedings. Strickland v. Washington, supra, 466 U.S. 686. This right arises under the sixth and fourteenth amendments to the United States constitution and article first, § 8, of the Connecticut constitution. . . . Pretrial negotiations implicating the decision of whether to plead guilty is a critical stage in criminal proceedings . . . and plea bargaining is an integral component of the criminal justice system . . . (Internal quotation marks omitted.) Crump v. Commissioner of Correction, supra, CT Page 1330 61 Conn. App. 58-59.
 "In order . . . to prevail on a constitutional claim of ineffective assistance of counsel, [the petitioner] must establish both (1) deficient performance, and (2) actual prejudice. Bunkley v. Commissioner of Correction, 222 Conn. 444, 445, 610 A.2d 598 (1992); Daniel v. Commissioner of Correction, [57 Conn. App. 651 664, 751 A.2d 398, cert denied, 254 Conn. 918, 759 A.2d 1024 (2000)]. Thus, he must establish not only that his counsel's performance was deficient, but that as a result thereof he suffered actual prejudice, namely, that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Strickland v. Washington, supra, 466 U.S. 694, "(Internal quotation marks omitted.) Crump v. Commissioner of Correction, supra, 61 Conn. App. 59. With regard to claims arising from the plea negotiation process, the petitioner must "show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." (Internal quotation marks omitted.) Id., quoting Hill v. Lockhart, 474 U.S. 52, 57-58, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). Because both prongs of the Strickland test must be established for a habeas petitioner to prevail, a court may dismiss a petitioner's claim if he fails to meet either prong. Denby v. Commissioner of Correction, 66 Conn. App. 809, 813, 786 A.2d 442 (2001), cert denied, 259 Conn. 908, 789 A.2d 994 (2002).
King v. Commissioner of Correction, 73 Conn. App. 600, 602 (2002).
The first claim of ineffective assistance of counsel is that trial counsel failed to "adequately investigate" certain individuals. There is no evidence as to what an investigation of these people would have disclosed, or how this alleged failure to investigate prejudiced the petitioner. The petitioner has failed to prove either deficient performance or prejudice in connection with counsel's investigation.
The second claim of ineffective assistance of counsel is that trial counsel failed to call various individuals as witnesses. Since none of these individuals testified at the habeas hearing the court has no CT Page 1331 evidence before it as to the what they would have testified to if called in the criminal trial. Therefore, the petitioner has failed to prove that trial counsel was deficient in not calling them as witnesses, or that he was prejudiced by such alleged deficiency.
The petitioner next claims that trial counsel did not adequately cross-examine FBI agent Vic Treadway. The petitioner has not suggested how the cross-examination could have been improved upon. The court has reviewed the full testimony of Mr. Treadway, who testified in the absence of the jury on a motion to suppress, and finds that the cross-examination was complete and adequate. The petitioner has failed to prove either deficient performance or prejudice with respect to this claim.
The next claim is that trial counsel failed to review and request the petitioner's FBI file. Since there is no evidence as to the contents or relevance of the file, the petitioner has failed to prove either deficient performance or prejudice with respect to this claim.
The petitioner next claims that trial counsel withdrew the petitioner's motion for speedy trial. Mr. Walsh testified that after the petitioner filed a pro se motion for speedy trial, he met with the petitioner and explained the trial strategy reasons for not pressing for a speedy trial at that time, and the petitioner agreed with Mr. Walsh that the motion be withdrawn. The court accepts Mr. Walsh's testimony in this regard and finds that the petitioner has failed to prove deficient performance in connection with withdrawing the motion. In addition, the petitioner has failed to prove any prejudice caused because the trial was not held earlier.
The petitioner also claims that Mr. Walsh was deficient in failing to move for separate trials on each bank robbery. The court has reviewed the evidence in connection with both robberies and finds that the petitioner has failed to prove that such a motion would have been granted, if made, or that he has been prejudiced in any way by not having a separate trial on each bank robbery.
Next the petitioner claims that trial counsel was ineffective because he hired an investigator who was formerly a New Haven police officer and who again became a police officer sometime after the trial. Mr. Walsh testified that he discussed with the petitioner the hiring of Mr. Spina to interview the list of alibi witnesses given to Mr. Walsh by the petitioner, and that the petitioner did not object. The petitioner testified that he objected to the hiring of Mr. Spina. The court accepts Mr. Walsh's testimony on this claim as factually accurate. Mr. Walsh believed that Mr. Spina's background as a New Haven police officer, some CT Page 1332 years before, would be of help in the investigation, and he felt that Mr. Spina did a competent job. The petitioner has failed to prove deficient performance or prejudice in connection with the hiring of Mr. Spina.
The last claim of ineffective representation is that trial counsel failed to prepare sufficiently for trial which caused the aforesaid errors and omissions. This claim is disposed of by the court's findings that the petitioner has failed to prove any of the alleged errors and omissions.
The petitioner testified at the habeas trial. He has approximately six felony convictions in addition to the convictions in connection with the 1996 bank robberies. His testimony consisted of a denial of involvement in the two bank robberies and a recitation of various complaints about his representation by Mr. Walsh, some of which complaints were included in the second count of his petition. He was not a credible witness and the court does not accept his testimony.
In summary, with respect to the second count, the court finds that the petitioner has failed to prove deficient performance by his trial counsel in any of the ways alleged in his petition. In addition, he has failed to prove any prejudice arising out of the alleged deficiencies. Therefore, the court finds that he has failed to prove ineffective assistance of trial counsel.
The third amended petition for a writ of habeas corpus is dismissed.
___________________ William L. Hadden, Jr. Judge Trial Referee CT Page 1336