### TIM TOWNSEND *v.* COMMISSIONER OF CORRECTION
### (AC 29284)

DiPentima, Harper and Hennessy, Js.

Argued March 10—officially released August 25, 2009

*Mary H. Trainer*, special public defender, for the appellant (petitioner).

*James M. Ralls*, senior assistant state's attorney, with whom, on the brief, were *Michael Dearington*, state's attorney, and *Linda N. Howe*, senior assistant state's attorney, for the appellee (respondent).

*Opinion*

HENNESSY, J. The petitioner, Tim Townsend, appeals from the judgment of the habeas court denying

his petition for a writ of habeas corpus. On appeal, he claims that (1) his trial counsel was ineffective for not advising him of his appellate rights in connection with the denial of his motion to withdraw his plea, (2) his trial counsel was ineffective in his preparation for trial and (3) it was improper for the court to grant the motion filed by the respondent, the commissioner of correction, to quash the petitioner's subpoena duces tecum for the disciplinary records of police officers involved in the investigation of the underlying crime. We affirm the judgment of the habeas court.

The following facts are relevant to the petitioner's appeal. On May 23, 2002, the petitioner pleaded guilty, under the *Alford*[1] doctrine, to the crime of murder. On July 19, 2002, the date of sentencing, the petitioner requested that the court allow him to withdraw his guilty plea and to restore his case to the criminal docket. The matter was continued until August 2, 2002, at which time the court denied the petitioner's request and sentenced him to twenty-five years incarceration. The petitioner did not directly appeal from his conviction. On January 29, 2007, the petitioner filed a second amended petition for a writ of habeas corpus. After a hearing, the court denied the petition. The court granted the petition for certification to appeal on September 27, 2007. This appeal followed.

I

The petitioner claims that his trial counsel provided ineffective assistance due to inadequate trial preparation and by not advising the petitioner of his right to appeal from the denial of the motion to withdraw the guilty plea. The respondent argues that the court was correct in concluding that the petitioner's trial counsel's representation was not ineffective due to lack of trial

---

[1] *North Carolina* v. *Alford,* 400 U.S. 25, 33, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970).

preparation because the petitioner never notified counsel that he wanted to appeal and there was no reasonable basis to appeal. We agree and will discuss the petitioner's claims in turn.

We first set forth the appropriate standard of review. "When reviewing the decision of a habeas court, the facts found by the habeas court may not be disturbed unless the findings were clearly erroneous. . . . The issue, however, of [w]hether the representation a defendant received at trial was constitutionally inadequate is a mixed question of law and fact. . . . As such, that question requires plenary review by this court unfettered by the clearly erroneous standard." (Internal quotation marks omitted.) *Mitchell* v. *Commissioner of Correction*, 109 Conn. App. 758, 762, 953 A.2d 685, cert. denied, 289 Conn. 950, 961 A.2d 417 (2008).

"A habeas petitioner can prevail on a constitutional claim of ineffective assistance of counsel [only if he can] establish both (1) deficient performance, and (2) actual prejudice. . . . For ineffectiveness claims resulting from guilty verdicts, we apply the two-pronged standard set forth in *Strickland* v. *Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984) . . . . For ineffectiveness claims resulting from guilty pleas, we apply the standard set forth in *Hill* v. *Lockhart*, 474 U.S. 52, 59, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1985), which modified *Strickland*'s prejudice prong. . . .

"To satisfy the performance prong, the petitioner must show that counsel's representation fell below an objective standard of reasonableness. . . . A petitioner who accepts counsel's advice to plead guilty has the burden of demonstrating on habeas appeal that the advice was not within the range of competence demanded of attorneys in criminal cases. . . . The range of competence demanded is reasonably competent, or within the range of competence displayed by

lawyers with ordinary training and skill in the criminal law. . . . Reasonably competent attorneys may advise their clients to plead guilty even if defenses may exist. . . . A reviewing court must view counsel's conduct with a strong presumption that it falls within the wide range of reasonable professional assistance and that a tactic that appears ineffective in hindsight may have been sound trial strategy at the time. . . .

"To satisfy the prejudice prong, the petitioner must show a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. . . . Reasonable probability does not require the petitioner to show that counsel's deficient conduct more likely than not altered the outcome in the case, but he must establish a probability sufficient to undermine confidence in the outcome. . . . The *Hill* court noted that [i]n many guilty plea cases, the prejudice inquiry will closely resemble the inquiry engaged in by courts reviewing ineffective-assistance challenges to convictions obtained through a trial. For example, where the alleged error of counsel is a failure to investigate . . . the determination whether the error prejudiced the defendant by causing him to plead guilty rather than go to trial will depend on the likelihood that discovery of the evidence would have led counsel to change his recommendation as to the plea. This assessment, in turn, will depend in large part on a prediction whether the evidence likely would have changed the outcome of a trial. *Hill* v. *Lockhart*, supra, [474 U.S.] 59 . . . . A reviewing court can find against a petitioner on either ground, whichever is easier." (Citations omitted; internal quotation marks omitted.) *Baillargeon* v. *Commissioner of Correction*, 67 Conn. App. 716, 721–23, 789 A.2d 1046 (2002).

A

The petitioner claims that his trial counsel was ineffective in his investigation into a potentially exculpatory

witness and in advising the petitioner regarding the strength of the state's case. Specifically, he contends that his counsel did not inform him of the recantation of an eyewitness' statement and did not interview a potentially exculpatory witness. The respondent argues that the petitioner cannot make a showing that his trial counsel's investigation or advice were ineffective. We agree with the respondent.

The court's finding that trial counsel adequately investigated this case is supported by the record. The court found that the testimony of the petitioner was not very credible and that the testimony of trial counsel was much more credible. The testimony before the habeas court was clear that the petitioner was made aware of and fully advised about an eyewitness' statement to the police and his subsequent affidavit recanting that statement. Thus, counsel's representation was well within the range of what competent attorneys would do in this situation.

The petitioner could not show prejudice from trial counsel's decision not to investigate what the petitioner claimed was an exculpatory witness. The petitioner offered the only testimony regarding the existence of an exculpatory witness, which the habeas court properly found was insufficient to show prejudice because there was no opportunity to evaluate the testimony or credibility of the claimed witness. See *Taft* v. *Commissioner of Correction*, 47 Conn. App. 499, 504–505, 703 A.2d 784 (1998).

B

The petitioner also claims that his trial counsel was ineffective in failing to advise him of his right to appeal from the denial of his motion to withdraw the guilty plea. Because there were no nonfrivolous grounds on which to appeal and there was no showing that the petitioner requested information regarding his appeal

options, trial counsel was not ineffective in failing to advise the petitioner of his appellate rights.

"There is no constitutional mandate that to provide reasonably competent assistance, defense counsel always must inform a criminal defendant of the right to appeal from the judgment rendered after the acceptance of a guilty plea. *Ghant* v. *Commissioner of Correction*, 255 Conn. 1, 9, 761 A.2d 740 (2000). Instead, counsel has a constitutional obligation to advise a defendant of appeal rights when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." (Internal quotation marks omitted.) *King* v. *Commissioner of Correction*, 73 Conn. App. 600, 604–605, 808 A.2d 1166 (2002), cert. denied, 262 Conn. 931, 815 A.2d 133 (2003). "[T]o show prejudice [when counsel fails to apprise a defendant of his or her appellate rights], a defendant must demonstrate that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." (Internal quotation marks omitted.) *Ghant* v. *Commissioner of Correction*, supra, 10.

The petitioner has not provided us with a record showing inadequacy in trial counsel's representation. The petitioner did not make a showing that he expressed interest in an appeal to trial counsel. Further, he presents this court with no testimony that he wanted to appeal or even that he would have appealed had he been made aware of his rights. Without such testimony, this court is not even presented with any indication that any alleged ineffective representation prejudiced the petitioner. Without this showing, it was proper for the habeas court to find that trial counsel's representation was not ineffective for not making the petitioner aware of or initiating an appeal on his behalf.

Because the petitioner has not demonstrated that his trial counsel's representation was inadequate or that he was prejudiced by this representation, his claim of ineffective assistance of counsel fails.

II

The petitioner's final claim is that the court abused its discretion in granting a motion to quash his subpoena and refusing an in camera review of police personnel records. The respondent argues that the records sought were confidential and, therefore, the sixth amendment right to confrontation does not apply in a habeas hearing and the requirements for in camera review were not met.

"Our standard of review of a challenge to a court's refusal to disclose privileged records is whether there was an abuse of discretion. . . . Discretion means a legal discretion, to be exercised in conformity with the spirit of the law and in a manner to subserve and not to impede or defeat the ends of substantial justice. . . . It goes without saying that the term abuse of discretion . . . means that the ruling appears to have been made on untenable grounds. . . . In determining whether the trial court has abused its discretion, we must make every reasonable presumption in favor of the correctness of its action. . . . Access to confidential records should be left to the discretion of the trial court which is better able to assess the probative value of such evidence as it relates to the particular case before it . . . and to weigh that value against the interest in confidentiality of the records." (Citation omitted; internal quotation marks omitted.) *State* v. *Webb*, 75 Conn. App. 447, 457–58, 817 A.2d 122, cert. denied, 263 Conn. 919, 822 A.2d 244 (2003).

The following facts are relevant to the petitioner's claim. On June 7, 2007, the petitioner served a subpoena on the New Haven police department, ordering that the

department produce personnel and disciplinary files for three detectives. On June 8, 2007, the respondent filed a motion to quash the subpoena, claiming that the files sought were privileged and neither material nor relevant to the issues in the habeas petition. The respondent further argued that because this was a civil habeas matter, the same concerns as to the right to confrontation do not exist as they do in a criminal proceeding. The petitioner claimed that he was seeking information about any complaints filed against the three officers for having attempted to bribe or to intimidate a witness. The petitioner alleged that there was a newspaper article about one of the officers being cited for improper investigative techniques. The court noted on the record that the three officers whose files were being sought were not on the petitioner's witness list. The court found that there was nothing in the petition that would implicate the personnel or disciplinary records of any of the officers. The court granted the motion to quash but asserted that "depending on how the trial develops . . . it may become relevant depending on where the trial goes."

The respondent called one of the officers as a witness. The testimony was put forth to rebut claims made by the petitioner and the eyewitness who recanted in their testimonies. On cross-examination, the petitioner questioned the officer about any reprimands in his disciplinary file. The officer responded that he had been reprimanded but that the reprimand was rescinded after he had successfully won a lawsuit, in which he had claimed that he had not investigated a case improperly, against the city of New Haven. The petitioner requested that the court allow him to subpoena this officer's employment record to confirm that the officer's account of his reprimand was factual. The court denied the request because the petitioner could impeach the officer with the line of questioning about the reprimands

but could not offer extrinsic evidence of it. After this ruling, the petitioner more fully questioned the officer about the reprimand and its rescission.

The court did not abuse its discretion in granting the motion to quash. The petitioner concedes that the officers' personnel records were protected by statute. See General Statutes § 1-210 (b) (2). Despite the statutory protections, the petitioner argues that his need to examine the records outweighed the statute's confidentiality policy. Although there is case law that the confrontation clause allows in camera review and access to confidential personnel records in criminal prosecutions under certain circumstances; *State* v. *Januszewski*, 182 Conn. 142, 438 A.2d 679 (1980), cert. denied, 453 U.S. 922, 101 S. Ct. 3159, 69 L. Ed. 2d 1005 (1981); there is no authority to suggest that in camera review of such records was required upon a showing here in the petitioner's civil habeas case. Moreover, because a great deal of the information sought would have been available to the petitioner through the officers' testimony, there was little need to allow the petitioner access to the files. The court appropriately exercised its discretion and weighed the high value of the confidentiality of the officers' personnel files with the petitioner's claimed need to review the files.

The judgment is affirmed.

In this opinion the other judges concurred.