## IN THE COURT OF APPEALS OF IOWA

No. 16-0837
Filed November 23, 2016

**JESSIE THOMAS GRAMS,**
Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
Respondent-Appellee.
_____

Appeal from the Iowa District Court for Scott County, Paul L. Macek,
Judge.

Applicant appeals from the denial of his application for postconviction
relief. **AFFIRMED.**

Thomas J. O'Flaherty of O'Flaherty Law Firm, Bettendorf, for appellant.

Thomas J. Miller, Attorney General, and Thomas E. Bakke, Assistant
Attorney General, for appellee State.

Considered by Danilson, C.J., and Doyle and McDonald, JJ.

**MCDONALD, Judge.**

In 2012, Jessie Grams was convicted of sex abuse in the third degree in violation of Iowa Code section 709.4(2)(c)(4) (2011). In 2014, Grams filed the instant application for postconviction relief, contending his counsel was ineffective in failing to advise Grams how to file an appeal following conviction. The postconviction-relief court denied Grams' application, concluding Grams could not establish prejudice because the sentencing court explicitly advised Grams of his right to appeal and explicitly advised Grams how to file the appeal and the consequences for the failure to do so. The standard of review and controlling legal standard are well established and need not be repeated in full herein. *See State v. Straw*, 709 N.W.2d 128, 133 (Iowa 2006).

On de novo review, we affirm the judgment of the district court. First, there is no constitutional mandate that counsel must always inform a criminal defendant of the right to appeal where judgment is entered following a guilty plea. "Instead, counsel has a constitutional obligation to advise a defendant of appeal rights when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *See King v. Comm'r of Corr.*, 808 A.2d 1166, 1170–71 (Conn. App. Ct. Nov. 2002). Second, and related, there were no non-frivolous grounds for appeal. Thus, there is no showing counsel breached any duty owed Grams. Third, the sentencing court explicitly advised Grams of the right to appeal, how to file an appeal, and the consequences for failing to do so. Grams makes only conclusory allegations of prejudice. This is insufficient to

warrant relief. *See State v. Tate*, 710 N.W.2d 237, 241 (Iowa 2006) (holding conclusory claims of prejudice are insufficient to satisfy the prejudice component of a claim of ineffective assistance of counsel).

**AFFIRMED.**