JUVON KEY *v.* COMMISSIONER OF CORRECTION
(AC 27883)

Bishop, Harper and Beach, Js.

Submitted on briefs January 4—officially released March 4, 2008

*David J. Reich,* special public defender, filed a brief for the appellant (petitioner).

*John A. Connelly,* state's attorney, *Sarah Hanna,* deputy assistant state's attorney, and *Eva B. Lenczewski,* supervisory assistant state's attorney, filed a brief for the appellee (respondent).

*Opinion*

PER CURIAM. The petitioner, Juvon Key, appeals following the denial of his petition for certification to appeal from the judgment of the habeas court dismissing his amended petition for a writ of habeas corpus. The petitioner claims that the court abused its discretion in denying certification to appeal and improperly rejected his claim that his trial counsel provided ineffective assistance. We dismiss the petitioner's appeal.

The petitioner claimed, in the habeas trial, that his trial counsel rendered ineffective assistance because she failed to provide him with witness statements and

police reports. The petitioner asserted that, had he been provided with these documents, he would not have pleaded guilty and would have been acquitted at trial. As to this claim, the court concluded that the petitioner failed to satisfy his burden under *Strickland* v. *Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), in that he did not establish by a preponderance of the evidence that counsel's performance was deficient and that the deficient performance prejudiced his defense. Moreover, the court found that the petitioner failed to prove that, but for his attorney's inadequacies, he would have pleaded not guilty, gone to trial and been acquitted. See *Hill* v. *Lockhart*, 474 U.S. 52, 58–59, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1985). The court found that the petitioner's trial counsel shared the relevant documents with the petitioner and only declined to provide him with copies in order to protect the petitioner from their misuse. The court concluded that there was no unreliability in the petitioner's conviction and that the petitioner's guilty pleas were entered voluntarily. This appeal followed the court's denial of the petition for certification to appeal.

The standard of review for a habeas court's denial of a petition for certification to appeal requires the petitioner to prove that the denial of the petition for certification was an abuse of discretion and also that the decision of the habeas court should be reversed on the merits. *Bowens* v. *Commissioner of Correction*, 104 Conn. App. 738, 740, 936 A.2d 653 (2007). To prove an abuse of discretion, the petitioner must demonstrate that the resolution of the underlying claim involves "issues [that] are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further." (Internal quotation marks omitted.) *Simms* v. *Warden*, 230 Conn. 608, 616, 646 A.2d 126 (1994).

After a careful review of the record and briefs, we agree with the court that there was no evidence to support the petitioner's claim of ineffective assistance of counsel. As there are no issues that are debatable among reasonable jurists, that a court could resolve differently or that deserve further proceedings, we conclude that the court did not abuse its discretion in denying the petitioner certification to appeal.

The appeal is dismissed.