JOHN MOCK *v.* COMMISSIONER OF CORRECTION
(AC 29122)

DiPentima, Beach and Peters, Js.

Argued November 20, 2008—officially released June 16, 2009

*Kenneth Paul Fox*, special public defender, for the appellant (petitioner).

*Richard K. Greenalch, Jr.*, special deputy assistant state's attorney, with whom, on the brief, were *David I. Cohen*, state's attorney, and *James M. Bernardi*, supervisory assistant state's attorney, for the appellee (respondent).

*Opinion*

DiPENTIMA, J. The petitioner, John Mock, appeals following the denial of his petition for certification to appeal from the judgment of the habeas court denying his amended petition for a writ of habeas corpus. The petitioner claims that the court abused its discretion when it denied his petition for certification to appeal and improperly rejected his claim that his guilty pleas in three separate informations were not knowing, intelligent and voluntary due to ineffective assistance of counsel. This claim rests primarily on his contention that while he had separate counsel for each information, only one counsel appeared with him at the entry of his guilty pleas to all three informations. We dismiss the petitioner's appeal.

On November 29, 1988, the petitioner pleaded guilty to, inter alia, three counts in three informations of possession of a controlled or narcotic substance with intent

to sell in violation of General Statutes § 21a-277 (a).[1] The three informations stemmed from three separate arrests that had occurred on March 1 and 10, 1988, and November 23, 1988. The petitioner received a sentence of twelve years incarceration, execution suspended after seven years, with five years of probation for each count of possession of a controlled or narcotic substance with intent to sell. The court ordered that all the sentences be served concurrently. On December 1, 1999, the petitioner filed a pro se petition for a writ of habeas corpus alleging that the guilty pleas he entered on November 29, 1988, were not voluntary because of "drug inducement."[2] On May 17, 2004, the petitioner, represented by counsel, filed a second amended petition for a writ of habeas corpus alleging, inter alia, ineffective assistance of counsel for failure to ensure a knowing, intelligent and voluntary plea.

On May 31, 2007, a hearing was held on the petitioner's second amended petition. At the beginning of the hearing, the respondent, the commissioner of correction, made an oral motion to dismiss, again arguing that the court lacked subject matter jurisdiction because the petitioner was not in custody at the time he filed

[1] The petitioner also pleaded guilty to one count of criminal possession of a firearm in violation of General Statutes § 53a-217 and one count of assault in the second degree in violation of General Statutes § 53a-60 (a) (1). He received five years incarceration for the count of criminal possession of a firearm and two years incarceration for the count of assault in the second degree. All sentences were to be served concurrently.

[2] The petitioner's pro se petition attacked the guilty pleas he entered for the three counts in the three informations of possession of a controlled or narcotic substance with intent to sell and the one count of assault in the second degree. The petition made no reference to the count of criminal possession of a firearm. On January 6, 2003, the respondent, the commissioner of correction, filed a motion to dismiss, arguing that the court lacked subject matter jurisdiction because the petitioner was not in custody at the time he filed his pro se petition. In a memorandum of decision, the court denied the respondent's motion to dismiss, concluding that the petitioner was in custody because he was on probation at the time he filed his pro se petition. See *Mock* v. *Warden*, 48 Conn. Sup. 470, 850 A.2d 265 (2003).

the initial pro se petition. The court concluded that it had subject matter jurisdiction over the claims arising from the three guilty pleas for possession of a controlled or narcotic substance with intent to sell because the petitioner was on probation for those charges when he filed his pro se petition on December 1, 1999.[3] The court then proceeded with the trial, at which time the petitioner presented himself and one other witness in support of his petition.

At the close of the petitioner's case, the respondent orally moved for a directed verdict. The court granted the respondent's motion and found that there was no evidence presented to support a finding that there had been deficient performance as to any of the attorneys involved. Additionally, the court found that the petitioner failed to prove that he had suffered any prejudice. The court observed that it was "extraordinarily unlikely" that on the basis of the evidence presented, the petitioner would have been acquitted had he gone to trial. Accordingly, the court denied the petition for a writ of habeas corpus. The court thereafter denied the petition for certification to appeal. This appeal followed.

On appeal, the petitioner claims that the court abused its discretion when it denied his petition for certification to appeal. The petitioner argues that the court improperly rejected his claim that his three pleas of guilty to possession of a controlled or narcotic substance with intent to sell were involuntary, unintelligent and unknowing due to ineffective assistance of counsel. Specifically, as to his guilty plea to the charge stemming

---

[3] The court, however, did grant the respondent's motion to dismiss the claims related to the guilty pleas for the count of criminal possession of a firearm and the count of assault in the second degree. See footnote 2. The court held that there was no jurisdiction over those two pleas because the petitioner had served his complete sentence. The petitioner does not challenge that ruling on appeal.

from the March 1, 1988 arrest, the petitioner argues that his privately retained attorney, Jerome Rosenblum, deprived him of effective assistance of counsel by allowing him to plead guilty while the petitioner was suffering from methadone withdrawal. As to his plea of guilty to the charge stemming from the March 10, 1988 arrest, the petitioner argues that (1) his court-appointed attorney, Allen Williams, was not present[4] and (2) Rosenblum, who did not represent him on that charge, was ineffective because (a) he advised the petitioner that he would have to pick a jury immediately without an attorney present if he did not plead guilty and (b) he allowed the petitioner to enter a plea of guilty while the petitioner was suffering from methadone withdrawal. Last, as to the charge stemming from the November 23, 1988 arrest, the petitioner argues that (1) he never had the opportunity to meet with his court-appointed attorney, who was different from Williams,[5] (2) Rosenblum did not represent him in this matter and was not versed sufficiently in the facts of this case to provide effective assistance, and (3) Rosenblum was ineffective because he should not have allowed the petitioner to enter a plea of guilty while the petitioner was suffering from methadone withdrawal. We are not persuaded.

We begin with the standards that govern our analysis of the petitioner's appeal. "In a habeas appeal, this court cannot disturb the underlying facts found by the habeas court unless they are clearly erroneous, but our review

---

[4] The petitioner argues that the absence of his court-appointed counsel was the equivalent of failure to appoint counsel. The petitioner relies on *Lackawanna Country District Attorney* v. *Coss*, 532 U.S. 394, 121 S. Ct. 1567, 149 L. Ed. 2d 608 (2001), to argue that failure to appoint counsel is a unique constitutional defect that rises to the level of a jurisdictional defect. The petitioner, however, has not demonstrated how *Lackawanna Country District Attorney* applies to the facts of this case.

[5] See footnote 4.

of whether the facts as found by the habeas court constituted a violation of the petitioner's constitutional right to effective assistance of counsel is plenary." (Internal quotation marks omitted.) *Ricks* v. *Commissioner of Correction,* 98 Conn. App. 497, 502, 909 A.2d 567 (2006), cert. denied, 281 Conn. 907, 916 A.2d 49 (2007). "The standard of review for a habeas court's denial of a petition for certification to appeal requires the petitioner to prove that the denial of the petition for certification was an abuse of discretion and also that the decision of the habeas court should be reversed on the merits. . . . To prove an abuse of discretion, the petitioner must demonstrate that the resolution of the underlying claim involves issues [that] are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further." (Citation omitted; internal quotation marks omitted.) *Key* v. *Commissioner of Correction,* 106 Conn. App. 211, 212, 942 A.2d 417, cert. denied, 287 Conn. 904, 947 A.2d 342 (2008).

"A habeas petitioner can prevail on a constitutional claim of ineffective assistance of counsel [only if he can] establish both (1) deficient performance, and (2) actual prejudice. . . . For ineffectiveness claims resulting from guilty verdicts, we apply the two-pronged standard set forth in *Strickland* v. *Washington,* 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); *Levine* v. *Manson,* 195 Conn. 636, 639–40, 490 A.2d 82 (1985). For ineffectiveness claims resulting from guilty pleas, we apply the standard set forth in *Hill* v. *Lockhart,* 474 U.S. 52, 59, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1985), which modified *Strickland*'s prejudice prong. . . .

"To satisfy the performance prong, the petitioner must show that counsel's representation fell below an objective standard of reasonableness. . . . A petitioner who accepts counsel's advice to plead guilty has

the burden of demonstrating on habeas appeal that the advice was not within the range of competence demanded of attorneys in criminal cases. . . . The range of competence demanded is reasonably competent, or within the range of competence displayed by lawyers with ordinary training and skill in the criminal law. . . . Reasonably competent attorneys may advise their clients to plead guilty even if defenses may exist. . . . A reviewing court must view counsel's conduct with a strong presumption that it falls within the wide range of reasonable professional assistance . . . .

"To satisfy the prejudice prong, the petitioner must show a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. . . . Reasonable probability does not require the petitioner to show that counsel's deficient conduct more likely than not altered the outcome in the case, but he must establish a probability sufficient to undermine confidence in the outcome. . . . A reviewing court can find against a petitioner on either ground, whichever is easier." (Citations omitted; internal quotation marks omitted.) *Ricks* v. *Commissioner*, supra, 98 Conn. App. 502–504.

We examine the petitioner's underlying claim of ineffective assistance of counsel at the time of his guilty pleas to determine whether the habeas court abused its discretion in denying the petition for certification to appeal. Because the petitioner's claims are somewhat repetitious, for clarity, we will summarize and discuss them as follows. The petitioner claims, as to the deficient performance prong of *Strickland*, that (1) all three of his attorneys, Rosenblum, Williams and an unnamed attorney, provided ineffective assistance of counsel and (2) Rosenblum provided ineffective assistance of counsel by (a) allowing the petitioner to plead guilty while the petitioner was suffering from the effects of methadone withdrawal and (b) not being versed sufficiently in

the details of the charges stemming from the petitioner's March 10 and November 23, 1988 arrests to represent him adequately when he entered the guilty plea. Our review of the record leads us to the determination that the petitioner has not met his burden of showing that he was denied effective assistance of counsel. We turn now to the petitioner's specific claims.

We first address the petitioner's claim that his court-appointed attorneys, Williams and the unnamed attorney, provided ineffective assistance of counsel. The petitioner testified that the court had appointed Williams to represent him for the charge stemming from the March 10, 1988 arrest and that he met with him a few times at the courthouse over the summer. Additionally, he offered an information packet indicating that his public defenders were Rosenblum and Williams. The information packet, however, related to the incidents stemming from the March 1, 1988 arrest, not the March 10, 1988 arrest.

As to the unnamed court-appointed attorney, the only evidence that the petitioner offered at the habeas trial that indicated that the court had appointed a third unnamed attorney to represent him in connection with the charge stemming from the November 23, 1988 arrest was his own testimony. The petitioner testified that the court had appointed for him an attorney whose name he could not recall and whom he had never met. When asked on cross-examination as to the specifics of the arraignment for the charge stemming from the November 23, 1988 arrest, the petitioner could not recall if there had been a bond argument or if he had been represented by an attorney for that argument.

The court found that there was no evidence "to support that there was any deficient performance on the part of any of the attorneys involved in the matter." "[T]his court does not retry the case or evaluate the

credibility of the witnesses. . . . Rather, we must defer to the [trier of fact's] assessment of the credibility of the witnesses based on its firsthand observation of their conduct, demeanor and attitude. . . . The habeas judge, as the trier of facts, is the sole arbiter of the credibility of witnesses and the weight to be given to their testimony. . . . Appellate courts do not second-guess the trier of fact with respect to credibility." (Citation omitted; internal quotation marks omitted.) *Necaise* v. *Commissioner of Correction*, 112 Conn. App. 817, 825–26, 964 A.2d 562 (2009). The court did not find credible the petitioner's testimony that any of his attorneys had provided ineffective assistance of counsel. Because the record supports the court's conclusion that the petitioner did not meet his burden, we conclude that this claim does not involve issues that are debatable among jurists of reason, that a court could resolve the issues in a different manner or that the questions are adequate to deserve encouragement to proceed further. See *Key* v. *Commissioner of Correction*, supra, 106 Conn. App. 212. Accordingly, the court did not abuse its discretion when it denied the petition for certification to appeal as to this claim.

We next address the petitioner's claim that because he was suffering from methadone withdrawal on November 29, 1988, his pleas of guilty were not knowing, voluntary and intelligent and, further, that Rosenblum provided ineffective assistance of counsel by allowing him to plead guilty while suffering from the effects of the methadone withdrawal. We are not persuaded.

The petitioner testified that he was weak and aggravated on the day of the plea proceeding because he was suffering from methadone withdrawal. He further testified that he was incoherent at the plea proceeding. Additionally, the petitioner offered one witness who testified that on November 29, 1988, she was in court

and thought the petitioner looked "high" and incoherent while entering his pleas of guilty. We note, however, that the petitioner never testified at the habeas trial that he informed Rosenblum that he was suffering from the effects of methadone withdrawal. We further note that due to the passage of almost twenty years between the petitioner's guilty pleas entered on November 29, 1988, and his habeas trial on May 31, 2007, no transcript of his November 29, 1988 court appearance is available.

The record presented leads us to conclude that the court correctly found that the petitioner failed to adduce evidence sufficient to sustain his burden of demonstrating that his counsel's performance fell below an objective standard of reasonableness. See *Ricks* v. *Commissioner of Correction*, supra, 98 Conn. App. 503. The record lacks any evidence that the petitioner informed his counsel that he was suffering from the effects of methadone withdrawal or that his counsel was aware of that condition. Accordingly, the court properly determined that Rosenblum's representation did not fall below an objective standard of reasonableness when he assisted the petitioner with his pleas of guilty. See *State* v. *Blue*, 230 Conn. 109, 122, 644 A.2d 859 (1994) (defendant's unsupported claim that guilty plea involuntary due to medication insufficient to raise legitimate question); *State* v. *Stith*, 108 Conn. App. 126, 130, 946 A.2d 1274 (bare assertions by defendant without medical documentation showing defendant on medication not sufficient to withdraw guilty plea), cert. denied, 289 Conn. 905, 957 A.2d 874 (2008); cf. *Carey* v. *Commissioner of Correction*, 86 Conn. App. 180, 185–86, 860 A.2d 776 (2004) (affirming habeas court's finding that plea knowingly and voluntarily given when, although petitioner claimed he had taken medication on date he entered plea and that this made him confused, there was no evidence that described medication or its effect on petitioner), cert. denied, 272 Conn. 915, 866 A.2d 1283 (2005).

The petitioner's next claim with regard to Rosenblum's alleged ineffective assistance of counsel is that Rosenblum was not versed sufficiently in the details of the petitioner's March 10 and November 23, 1988 charges to represent him adequately when he entered the pleas of guilty.[6] We disagree.

The only evidence that the petitioner offered at the habeas trial that indicated that Rosenblum was not versed sufficiently on those charges was, again, his own testimony. He testified that Rosenblum did not know the details of the other two charges and that he did not ask the petitioner for any details about them. The petitioner testified, however, that Rosenblum advised him to take the plea deal offered by the state because it was a "good deal," as the sentences on all the charges would run concurrently. The court, in rejecting the petitioner's claim that Rosenblum's performance was deficient, found that the petitioner's testimony was not credible. This court does not second-guess the habeas

---

[6] The petitioner also argues that he was prejudiced by Rosenblum's allegedly ineffective assistance in advising him to take the plea deal because, had Rosenblum not pressured him to take the plea deal, he would have proceeded to trial on the charge stemming from his March 10, 1988 arrest. The petitioner claims that Williams had advised him to take that charge to trial because "that was one I could beat." The habeas court found, however, that on the basis of the evidence presented in cross-examination, the petitioner's assessment of his chances at trial were "overly optimistic" and that it "seem[ed] extraordinarily unlikely that [the petitioner] would have been acquitted on any of these matters." The court therefore found that there was no resulting prejudice to the petitioner and denied the petition on both prongs of *Strickland.* We agree.

On cross-examination it was established that the petitioner had been driving in his car with a two foot long machete placed under his seat and with drugs in his waistband. The drugs had the same "Outer Limits" label as the drugs found at the house where the petitioner was arrested on March 1, 1988, when the police executed a search warrant specifically for a search of his person. On those facts, it does not appear that the petitioner would have prevailed at trial. We conclude, therefore, that the petitioner has not satisfied his burden of showing that there was a reasonable probability that, but for his counsel's ineffective assistance, he would have not pleaded guilty and would have insisted on going to trial. See *Ricks* v. *Commissioner of Correction,* supra, 98 Conn. App. 503.

court's determination of a witness' credibility. See *Necaise* v. *Commissioner of Correction*, supra, 112 Conn. App. 826. Moreover, the petitioner did not call Rosenblum as a witness to question him regarding his knowledge as to the petitioner's other charges. Accordingly, the court properly determined that Rosenblum's representation did not fall below an objective standard of reasonableness. See *Ricks* v. *Commissioner of Correction*, supra, 98 Conn. App. 503.

The petitioner has presented no evidence that any of his counsels' representation was not within the range of competence displayed by lawyers with ordinary training and skill in criminal law. See *Stevens* v. *Commissioner of Correction*, 112 Conn. App. 385, 393, 963 A.2d 62 (2009). Accordingly, the petitioner has not sustained his burden under the first prong of *Strickland*, which requires a showing of deficient performance by counsel. "[I]t is well settled that in order to prevail on a claim of ineffective assistance of counsel, the petitioner must prove both prongs of the *Strickland* test. A reviewing court [therefore] can find against a petitioner on either ground, whichever is easier." (Internal quotation marks omitted.) *Mitchell* v. *Commissioner of Correction*, 109 Conn. App. 758, 765, 953 A.2d 685, cert. denied, 289 Conn. 950, 961 A.2d 417 (2008). Because the petitioner has not met his burden under the deficient performance prong of *Strickland*, his claims do not involve issues that are debatable among jurists of reason, nor could a court resolve the issues in a different manner, nor are the questions adequate to deserve encouragement to proceed further. See *Key* v. *Commissioner of Correction*, supra, 106 Conn. App. 212. The court therefore did not abuse its discretion in denying the petition for certification to appeal.

The appeal is dismissed.

In this opinion the other judges concurred.