ANTHONY SHELTON *v.* COMMISSIONER OF
CORRECTION
(AC 29377)

Flynn, C. J., and Robinson and West, Js.

Submitted on briefs May 28—officially released September 8, 2009

*Michael Oh*, special public defender, filed a brief for the appellant (petitioner).

*Gail P. Hardy*, state's attorney, *John A. East III* and *Vicki Melchiorre*, senior assistant state's attorneys, and *David M. Carlucci*, deputy assistant state's attorney, filed a brief for the appellee (respondent).

*Opinion*

WEST, J. The petitioner, Anthony Shelton, appeals following the denial of his petition for certification to appeal from the judgment of the habeas court denying his amended petition for a writ of habeas corpus. The petitioner claims that the court abused its discretion when it denied his petition for certification to appeal and improperly rejected his claim that his pleas of nolo contendere were not knowing, intelligent and voluntary due to (1) ineffective assistance of counsel and (2) the trial court's having impermissibly participated in plea negotiations during the plea canvass. The petitioner further claims that the court improperly rejected his claim of ineffective assistance of counsel for counsel's failure to inform the petitioner of the right to appeal following the pleas of nolo contendere. We dismiss the appeal.

On December 19, 2002, the court, *Miano*, *J.*, held the petitioner's plea hearing. The hearing resulted from plea negotiations that involved multiple informations filed

against the petitioner and included many charges that arose from several incidents. The charges relevant for our purposes arose in two groups of cases that can be categorized as the "narcotics cases" and the "assault cases." In the assault cases, the petitioner was represented by William T. Gerace. Herman Woodard, Jr., represented the petitioner in the narcotics cases. Also on December 19, 2002, in regard to the assault cases, the petitioner entered pleas of nolo contendere under two separate criminal docket numbers to charges of assault of a police officer in violation of General Statutes § 53a-167c (a) (1), assault in the first degree in violation of General Statutes § 53a-59 (a) (3), attempt to commit assault of a police officer in violation General Statutes §§ 53a-167c and 53a-49, and engaging police in pursuit in violation of General Statutes § 14-223 (b).[1] Relevant to this appeal are the petitioner's pleas of nolo contendere to these charges and that portion of the plea hearing concerning these charges.

On January 7, 2003, the court, *Solomon, J.*, sentenced the petitioner to agreed upon sentences, for both the narcotics and the assault cases. At no time did the petitioner move to withdraw his pleas. The court imposed a total effective sentence of thirty years incarceration, execution suspended after twelve years, and five years probation.[2] The petitioner did not appeal from the judgments of conviction.

---

[1] Also on December 19, 2002, regarding the narcotics cases, the petitioner pleaded guilty under the doctrine of *North Carolina* v. *Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970), to hindering prosecution in the second degree in violation of General Statutes § 53a-166, possession of a controlled or narcotic substance with intent to sell in violation of General Statutes § 21a-277 (a) and sale of narcotics, also in violation of § 21a-277 (a). Those pleas were not assailed in the petitioner's habeas petition and, therefore, are not a part of this appeal.

[2] The court imposed the following individual sentences on the petitioner. On the charge of assault in the first degree, the court sentenced the petitioner to twenty years incarceration, execution suspended after twelve years, and five years probation. On the charge of assault of a police officer, the court sentenced the petitioner to ten years incarceration to run concurrently with

On December 15, 2006, the petitioner, represented by counsel, filed an amended petition for a writ of habeas corpus, alleging, inter alia, ineffective assistance of counsel for failure to ensure a knowing, intelligent and voluntary plea and for failing to inform the petitioner of his right to appeal from the judgments in the assault cases. The habeas trial was held in September, 2007. At the habeas trial, Gerace testified, as did Woodard and, among others, the petitioner. On September 21, 2007, the court denied the petition in an oral decision.[3] The court found that Gerace, insofar as he ensured that the petitioner's plea was knowing, intelligent and voluntary, rendered effective assistance and, even if he had not, that there was no prejudice to the petitioner. Although the court denied the petition outright, it did not address specifically the petitioner's claim that Gerace was ineffective for failing to advise him of his right to appeal.

The petitioner then filed a petition for certification to appeal, which the court denied on October 22, 2007. The petitioner on November 14, 2007, next filed an appeal with this court following the habeas court's denial of certification to appeal. The petitioner then

all other sentences imposed. On the charge of attempt to commit assault of a police officer, the court sentenced the petitioner to ten years incarceration to run concurrently with all other sentences imposed. On the charge of engaging police in pursuit, the court sentenced the petitioner to one year incarceration to run concurrently with all other sentences imposed. On the charge of hindering prosecution, the court sentenced the petitioner to five years incarceration to run concurrently with all other sentences imposed. On the charge of possession of a controlled or narcotic substance with intent to sell, the court sentenced the petitioner to twelve years incarceration to run concurrently with all other sentences imposed. On the sale of narcotics charge, the court sentenced the petitioner to ten years, execution suspended and five years probation, to run consecutively to all other sentences imposed. Also, as part of the plea agreement, a nolle prosequi was entered on any remaining charges.

[3] We note that the court subsequently signed a transcript of its ruling in compliance with Practice Book § 64-1.

filed a motion for articulation, requesting that the habeas court articulate its findings with regard to the claim that Gerace failed to advise the petitioner of the right to appeal. On August 19, 2008, the court both granted the motion and issued its articulation. It found that although Gerace had failed to inform the petitioner of his right to appeal, this did not render Gerace's performance ineffective. The court, citing *State* v. *Reddick*, 224 Conn. 445, 451, 619 A.2d 453 (1993), determined that because the petitioner entered pleas of nolo contendere, he had waived any claim on appeal other than claims of a defective plea canvass. It further found that the plea canvass was not defective and, consequently, that there was no likelihood of success on appeal and no basis for Gerace to have advised the petitioner of his right to pursue an appeal. The court concluded, therefore, that the petitioner was not prejudiced by any failure of Gerace to inform the petitioner of a right to appeal and, accordingly, specifically denied that count of the petition.[4]

On appeal, the petitioner claims that the court abused its discretion when it denied his petition for certification to appeal. The petitioner argues that the court improperly rejected his claim that his pleas of nolo contendere to the charges of assault of a police officer, assault in the first degree, attempt to commit assault of a police officer and engaging police in pursuit were involuntary,

[4] Although the court in its oral decision did not specifically address the claim that Gerace rendered ineffective assistance by failing to inform the petitioner of the right to appeal, it is clear that the court disposed of all of the petitioner's claims and rendered a final judgment before this appeal was filed. First, the court stated in its oral decision that it denied the petition. In denying the petition, the court found in favor of the respondent, the commissioner of correction. Second, the judgment file states that "[t]he court having heard the parties, finds the issues for the respondent" and that "it is adjudged that the [petition for a] writ of habeas corpus is denied." See *Bowden* v. *Commissioner of Correction*, 93 Conn. App. 333, 337 n.6, 888 A.2d 1131, cert. denied, 277 Conn. 924, 895 A.2d 796 (2006).

unintelligent and unknowing due to ineffective assistance of counsel. Specifically, the petitioner argues that Gerace's assistance was ineffective because he failed to discuss the details of the plea deal with the petitioner and, instead, relied on Woodard—an attorney with no knowledge of the details of the charges—to do that. The petitioner also asserts on appeal that the court improperly rejected his claim that Gerace was ineffective for not informing him of his right to appeal. Last, the petitioner, for the first time on appeal, claims that the plea canvass was involuntary, unintelligent and unknowing because the court, *Miano, J.,* "did not maintain [its] impartiality with respect to the taking of the plea, revealing [its] own opinions as to whether the petitioner ought to take the deal or not, thereby undermining the voluntariness of the plea." We are not persuaded.

Preliminarily, because it requires little discussion, we dispose of the petitioner's claim that the court, *Miano, J.,* failed to maintain its impartiality during the plea canvass, thereby rendering the petitioner's pleas involuntary, unintelligent and unknowing. Our thorough review of the record shows clearly—and the petitioner concedes in his brief to this court—that this claim was first asserted on appeal. Nevertheless, the petitioner argues that this claim is reviewable under *State* v. *Golding*, 213 Conn. 233, 239–40, 567 A.2d 823 (1989), which permits the review of certain unpreserved claims. "Our Supreme Court has held that *Golding* review is not available for unpreserved claims of error raised for the first time in a habeas appeal. *Safford* v. *Warden*, 223 Conn. 180, 190 n.12, 612 A.2d 1161 (1992); see also *Cupe* v. *Commissioner of Correction*, 68 Conn. App. 262, 271 n.12, 791 A.2d 614 (*'Golding* does not grant . . . authority for collateral review and is . . . inapplicable to habeas proceedings'), cert. denied, 260 Conn. 908, 795 A.2d 544 (2002)." *Hunnicutt* v. *Commissioner of*

*Correction,* 83 Conn. App. 199, 202, 848 A.2d 1229, cert. denied, 270 Conn. 914, 853 A.2d 527 (2004). Accordingly, this court is not bound to consider any claimed error "unless it appears on the record that the question was distinctly raised at trial and was ruled upon and decided by the court adversely to the appellant's claim." (Internal quotation marks omitted.) Id., 203. The issue of whether the trial court failed to maintain its impartiality during the plea canvass and, thus, rendered the petitioner's pleas involuntary, unintelligent and unknowing was never raised before the habeas court, and it was not discussed in its oral decision. We therefore decline to review the petitioner's claim regarding the alleged inadequacy of the trial court's plea canvass because to review the petitioner's claim now would amount to an ambuscade of the habeas judge. See id.

Next, we discuss the standards that govern our analysis of the petitioner's remaining claims on appeal. "In a habeas appeal, this court cannot disturb the underlying facts found by the habeas court unless they are clearly erroneous, but our review of whether the facts as found by the habeas court constituted a violation of the petitioner's constitutional right to effective assistance of counsel is plenary." (Internal quotation marks omitted.) *Ricks* v. *Commissioner of Correction,* 98 Conn. App. 497, 502, 909 A.2d 567 (2006), cert. denied, 281 Conn. 907, 916 A.2d 49 (2007). "The standard of review for a habeas court's denial of a petition for certification to appeal requires the petitioner to prove that the denial of the petition for certification was an abuse of discretion and also that the decision of the habeas court should be reversed on the merits. . . . To prove an abuse of discretion, the petitioner must demonstrate that the resolution of the underlying claim involves issues [that] are debatable among jurists of reason; that a court could resolve the issues [in a different manner];

or that the questions are adequate to deserve encouragement to proceed further." (Citation omitted; internal quotation marks omitted.) *Key* v. *Commissioner of Correction*, 106 Conn. App. 211, 212, 942 A.2d 417, cert. denied, 287 Conn. 904, 947 A.2d 342 (2008).

"A habeas petitioner can prevail on a constitutional claim of ineffective assistance of counsel [only if he can] establish both (1) deficient performance, and (2) actual prejudice. . . . For ineffectiveness claims resulting from guilty verdicts, we apply the two-pronged standard set forth in *Strickland* v. *Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); *Levine* v. *Manson*, 195 Conn. 636, 639–40, 490 A.2d 82 (1985). For ineffectiveness claims resulting from guilty pleas, we apply the standard set forth in *Hill* v. *Lockhart*, 474 U.S. 52, 59, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1985), which modified *Strickland*'s prejudice prong. . . .

"To satisfy the performance prong, the petitioner must show that counsel's representation fell below an objective standard of reasonableness. . . . A petitioner who accepts counsel's advice to plead guilty has the burden of demonstrating on habeas appeal that the advice was not within the range of competence demanded of attorneys in criminal cases. . . . The range of competence demanded is reasonably competent, or within the range of competence displayed by lawyers with ordinary training and skill in the criminal law. . . . Reasonably competent attorneys may advise their clients to plead guilty even if defenses may exist. . . . A reviewing court must view counsel's conduct with a strong presumption that it falls within the wide range of reasonable professional assistance. . . .

"To satisfy the prejudice prong, the petitioner must show a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would

have insisted on going to trial. . . . Reasonable probability does not require the petitioner to show that counsel's deficient conduct more likely than not altered the outcome in the case, but he must establish a probability sufficient to undermine confidence in the outcome. . . . A reviewing court can find against a petitioner on either ground, whichever is easier." (Internal quotation marks omitted.) *Mock* v. *Commissioner of Correction,* 115 Conn. App. 99, 104–105, 971 A.2d 802 (2009). Our review of the record leads us to the determination that the petitioner has not met his burden of showing that he was denied effective assistance of counsel. We turn now to the petitioner's specific claims.

First, we examine the petitioner's underlying claim of ineffective assistance of counsel at the time of his pleas of nolo contendere to determine whether the habeas court abused its discretion in denying the petition for certification to appeal. The following facts are relevant to this claim. On the morning of December 19, 2002, the court canvassed the petitioner for his pleas under the *Alford* doctrine[5] in the narcotics cases, for which he was represented by Woodard; Gerace was not present. After lunch recess, the court resumed its canvass of the petitioner and addressed his nolo contendere pleas for the assault cases, for which Gerace was representing the petitioner. Gerace was present throughout the afternoon portion of the canvass, as was Woodard at the outset.[6] At the start of the afternoon session, the court reiterated that in the morning session it had "indicated to [the petitioner] that [Gerace] and Mr. Woodard have worked out this [plea] agreement,

[5] See *North Carolina* v. *Alford,* 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970).

[6] Woodard requested permission of the court to leave the proceeding soon after it commenced because he was not representing the petitioner on the assault cases. Woodard told the court that he would be in the building and available in case the court required his presence. The court, noting that the matters concerning Woodard had concluded, granted his request.

and it concerns *all the cases* to which he's entered a plea [and] not just the [pleas entered] this morning [in the narcotics cases]." (Emphasis added.) The court then went on to accept nolo contendere pleas for the four charges pending from the assault cases. Then, after the state put forth the factual basis for the charges, the court commenced its canvass of the petitioner.

At one point, the court asked the petitioner, "have you discussed your pleas of nolo contendere and the consequences of [those] pleas with Mr. Gerace?" The petitioner responded that he had not. The court then referred to the agreement that resulted in the effective sentence it would be imposing on the petitioner that day and asked if he understood the court's explanation of the agreement and the sentence. The petitioner responded that he did. The court then asked the petitioner if he had discussed those issues with Gerace, and he responded that he had not. Gerace then stated: "Judge, for the record, Mr. Woodard went over this end of the plea bargain in great detail." The following discussion then took place between the court, Gerace and the petitioner:

"[Gerace]: [The sentences are] all concurrent, and this [has] not just been [discussed] today. It was [discussed] yesterday, the day before, and at least three or four other occasions where we've been exploring this. And the time frame, Judge, comes as a very long period of time [involving] multiple conversations. [The petitioner] may not like the result, but it is certainly isn't a situation where he's unclear as to what sentence he's going to get or what the repercussions of his pleas are.

"The Court: Do you have any questions about what the consequences of your plea [are], anything of that nature?

"[The Petitioner]: No, sir.

"The Court: [D]o you want me to pass [the case]?
. . . I want you to be comfortable. Do you want me to
pass [the case], and you [can] talk to Mr. Gerace?

"[The Petitioner]: I don't think you have to do that."

The court continued with its canvass of the petitioner
that resulted in his pleas of nolo contendere to the
charges in the assault cases. The issue of Gerace's
explanation of the pleas did not arise subsequently. On
appeal, the petitioner asserts that Gerace's statement
that Woodard "went over this end of the plea bargain
in great detail" was an admission that Gerace had not
discussed at all the details and consequences of the
petitioner's pleas. As a result of that alleged admission,
the petitioner claims that the habeas court abused its
discretion by finding that Gerace rendered effective
assistance because "it is not within a reasonable stan-
dard of care for an attorney not to discuss the conse-
quences of a plea with his client and instead rely on
another attorney who is not involved in the cases at
issue to [explain the plea] . . . ."

The petitioner, however, refers to nothing in the
record to support his contention that Gerace's state-
ment was, in fact, an admission that he had not dis-
cussed the petitioner's pleas with him. Moreover, the
court found, on the basis of Gerace's testimony, that it
was Gerace's habit and custom to discuss the elements
of the offenses and possible defenses, particularly dur-
ing plea negotiations. It also found that because the
plea negotiations occurred over several days, there
were "long opportunities" to review the aspects of the
pleas adequately with the petitioner. Last, the court
found that, although the petitioner had expressed some
concerns about Gerace's advice at the plea hearing, he
declined the opportunity for more time to discuss his
pleas. It was on the basis of those findings that the
court concluded that the petitioner failed to carry his

burden as to this claim and that Gerace rendered effective assistance to the petitioner in explaining the pleas to him.

Our review of the record supports the court's conclusion that the petitioner did not meet his burden of demonstrating that the advice Gerace gave concerning the petitioner's pleas was not within the range of competence demanded of attorneys in criminal cases. See *Ricks* v. *Commissioner of Correction*, supra, 98 Conn. App. 503. We, therefore, conclude that the petitioner has failed to show that this claim involves issues that are debatable among jurists of reason, that a court could resolve the issues in a different manner or that the questions are adequate to deserve encouragement to proceed further. See *Mock* v. *Commissioner of Correction*, supra, 115 Conn. App. 104. Accordingly, the court did not abuse its discretion when it denied the petition for certification to appeal as to this claim.

Next, the petitioner claims that Gerace failed to advise him properly of his right to appeal. Because the petitioner has put forth no nonfrivolous grounds on which to appeal following his pleas of nolo contendere or shown that he reasonably demonstrated to Gerace his interest in appealing, we conclude that Gerace's performance was not ineffective for failure to advise the petitioner of his right to appeal.

As we have noted, with respect to the petitioner's claim as to his right to appeal, the court, in its articulation, found that Gerace did not inform the petitioner of his appellate rights. We note, however, that "[t]here is no constitutional mandate that to provide reasonably competent assistance, defense counsel always must inform a criminal defendant of the right to appeal from the judgment rendered after the acceptance of a guilty plea. *Ghant* v. *Commissioner of Correction*, 255 Conn.

1, 9, 761 A.2d 740 (2000). Instead, counsel has a constitutional obligation to advise a defendant of appeal rights when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing. Id." (Internal quotation marks omitted.) *King* v. *Commissioner of Correction*, 73 Conn. App. 600, 604–605, 808 A.2d 1166 (2002), cert. denied, 262 Conn. 931, 815 A.2d 133 (2003). Furthermore, "[t]o show prejudice [when counsel fails to apprise a defendant of his or her appellate rights], a defendant must demonstrate that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." (Internal quotation marks omitted.) *Ghant* v. *Commissioner of Correction*, supra, 10.

Our review of the transcripts of both the habeas trial and the plea canvass reveals that the petitioner has put forth no nonfrivolous grounds on which to appeal following his pleas of nolo contendere. See *State* v. *Reddick*, supra, 224 Conn. 451 (general rule that absent statutory exception, plea of guilty or nolo contendere constitutes waiver of all defects in prosecution except those involving canvass of plea and court's subject matter jurisdiction). The record reveals that the petitioner's pleas were knowing, intelligent and voluntary. The court's plea canvass was thorough, adequate and appropriate. Furthermore, the court was solicitous of the petitioner's concerns about the pleas, offering him time for further discussion with Gerace. We note that at no time after the plea canvass did the petitioner move to withdraw his pleas prior to sentencing. Moreover, the habeas trial transcript shows that the petitioner testified only that Gerace did not inform him of his appellate rights. The petitioner did not testify that he ever reasonably demonstrated to Gerace that he was interested in

appealing. Without such testimony, this court is not presented with an indication that any alleged ineffective representation prejudiced the petitioner. See *Townsend* v. *Commissioner of Correction*, 116 Conn. App. 663, 669, 975 A.2d 1282 (2009). Without this showing, it was proper for the habeas court to find that trial counsel was not ineffective for failing to inform the petitioner of his appellate rights.

Because the petitioner has not met his burden under *Strickland*, his claims do not involve issues that are debatable among jurists of reason, nor could a court resolve them in a different manner, nor are the questions adequate to deserve encouragement to proceed further. *See Mock* v. *Commissioner of Correction*, supra, 115 Conn. App. 110. The court therefore did not abuse its discretion in denying the petition for certification to appeal.

The appeal is dismissed.

In this opinion the other judges concurred.