******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

MERLE S.* *v.* COMMISSIONER OF CORRECTION
(AC 37388)

Sheldon, Prescott and West, Js.

*Argued May 23—officially released August 16, 2016*

(Appeal from Superior Court, judicial district of
Tolland, Oliver, J.)

*Albert J. Oneto IV*, assigned counsel, with whom, on
the brief, was *David B. Rozwaski*, assigned counsel,

for the appellant (petitioner).

*Jacob L. McChesney*, special deputy assistant state's attorney, with whom, on the brief, were *Maureen Platt*, state's attorney, and *Eva Lenczewski*, supervisory assistant state's attorney, for the appellee (respondent).

*Opinion*

WEST, J. The petitioner, Merle S., appeals following the denial of his petition for certification to appeal from the judgment of the habeas court denying his amended petition for a writ of habeas corpus. Specifically, the petitioner claims that the habeas court abused its discretion by denying his petition for certification to appeal, and erred in concluding (1) that he had procedurally defaulted on his claim that his guilty plea was involuntarily tendered and (2) that his trial counsel's performance was not deficient.[1] We disagree with the petitioner, and, accordingly, we dismiss the appeal.

The record reveals the following relevant procedural history. On December 2, 2010, the petitioner pleaded guilty on a substitute information to one count of assault in the first degree in violation of General Statutes § 53a-59 (a) (3)[2] and one count of risk of injury to a child in violation of General Statutes § 53-21 (a) (1).[3] He also admitted to two violations of probation. The petitioner was represented by Errol Skyers, special public defender. The court, *Damiani, J.*, imposed a total effective sentence of fifteen years imprisonment, execution suspended after nine years, followed by five years of probation. The petitioner did not move to withdraw his plea or challenge it in a direct appeal.

On July 21, 2014, the petitioner, through appointed counsel, filed a revised amended petition for writ of habeas corpus alleging, inter alia, that the petitioner's heavily medicated state at the time he entered his guilty plea rendered his plea involuntary. The petitioner further alleged that his trial counsel was ineffective by failing to inquire about his medicated state at the time the plea was entered and, therefore, did not ensure that he was competent to plead guilty.[4] The respondent, the Commissioner of Correction, filed a return, raising the special defense of procedural default as to any claim that the petitioner's plea was involuntary. The petitioner filed his response asserting that his claims were based on ineffective assistance of counsel and, therefore, not subject to procedural default.

The habeas trial, at which the petitioner and his trial counsel testified, was held on August 7, 2014. The court issued its memorandum of decision denying the petition on September 19, 2014. The court concluded that the petitioner had procedurally defaulted on his first claim relating to the voluntariness of his plea, separate from any claim of ineffective assistance of counsel. In so doing, the court refused to address the petitioner's argument that his assertion of ineffective assistance of counsel sheltered this claim from procedural default. The court also concluded that the petitioner failed to prove that his trial counsel had provided ineffective assistance by failing to ensure that the petitioner's medicated state did not affect his ability to knowingly, voluntarily, and

intelligently plead guilty. The petitioner filed a petition for certification to appeal from the habeas court's denial of his petition for a writ of habeas corpus, which the habeas court denied. This appeal followed.

We first set forth our standard of review. "Faced with the habeas court's denial of certification to appeal, a petitioner's first burden is to demonstrate that the habeas court's ruling constituted an abuse of discretion." *Simms* v. *Warden*, 230 Conn. 608, 612, 646 A.2d 126 (1994). In order to prove an abuse of discretion, the petitioner must show "that the issues are debatable among jurists of reason; that a court *could* resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further." (Emphasis in original; internal quotation marks omitted.) Id., 616. "If the petitioner succeeds in surmounting that hurdle, the petitioner must then demonstrate that the judgment of the habeas court should be reversed on its merits." Id., 612.

In considering the merits of the petitioner's underlying claims, we "cannot disturb the underlying facts found by the habeas court unless they are clearly erroneous, but our review of whether the facts as found by the habeas court constituted a violation of the petitioner's constitutional right to effective assistance of counsel is plenary." (Internal quotation marks omitted.) *Ricks* v. *Commissioner of Correction*, 98 Conn. App. 497, 502, 909 A.2d 567 (2006), cert. denied, 281 Conn. 907, 916 A.2d 49 (2007). To the extent that the habeas court relies on credibility determinations of witnesses in deciding the issues, this court "must defer to the trier of fact's assessment of the credibility of the witnesses that is made on the basis of its firsthand observations of their conduct, demeanor and attitude." (Internal quotation marks omitted.) *State* v. *Kendrick*, 314 Conn. 212, 223, 100 A.3d 821 (2014).

When faced with questions of procedural default, "[t]he habeas court's conclusion that the petitioner's sentencing claim was . . . procedural default[ed] involves a question of law. Our review is therefore plenary." *Johnson* v. *Commissioner of Correction*, 285 Conn. 556, 566, 941 A.2d 248 (2008). We turn now to the petitioner's underlying claims.

I

The petitioner's first claim on appeal is that the habeas court abused its discretion when it denied his petition for certification to appeal from the court's decision that he had procedurally defaulted on his claim that his plea was involuntarily tendered due to his medicated state. Specifically, the petitioner argues that his guilty plea was involuntarily tendered because of his attorney's failure to inquire adequately about his competency to plead guilty. The petitioner argues that because he alleged ineffective assistance of counsel in his response

to the respondent's claim of procedural default, the habeas court improperly applied the procedural default rule to this claim rather than addressing its merits. The respondent argues that the petitioner misunderstands the habeas court's ruling and alleges that the court did not conclude that the petitioner procedurally defaulted on his ineffective assistance of counsel claim, but it properly concluded that the petitioner procedurally defaulted on any independent claim directly challenging the voluntariness of his plea and, thus, properly denied the petition for certification to appeal. We agree with the respondent.

The following facts are relevant to this claim. On July 21, 2014, the petitioner filed a revised amended petition for writ of habeas corpus alleging, inter alia, the following. In his first count, the petitioner claims "[t]hat at the time of the [p]etitioner's plea, the [p]etitioner was heavily medicated from the medication that he was receiving from the [Department of Correction] . . . such that he was unable to enter a voluntary, knowing, and competent plea . . . ." In his fourth count, the petitioner claims "[t]hat trial counsel did not seek to determine if the medication that the [p]etitioner was [taking] on the date of his pleas impacted the [p]etitioner's ability to knowingly, voluntarily, and with understanding enter into his guilty pleas . . . ." On July 25, 2014, the respondent filed a return and raised the special defense of procedural default as to any of the petitioner's claims intended to be "a separate due process claim that [his] plea was involuntary, unknowing, or incompetent due to his medicated or mental status . . . ." The respondent claimed that because the petitioner did not raise this issue on direct appeal, nor file a motion to withdraw his plea pursuant to Practice Book § 39-26, he could not raise this claim for the first time in a habeas proceeding. On July 28, 2014, the petitioner filed his reply, in which he alleged that his claims were based on ineffective assistance of counsel and, therefore, were not subject to procedural default.

In its memorandum of decision, the habeas court found that "the petitioner's first claim relating *to his plea alone* [was] subject to procedural default." (Emphasis added.) The court went on to state that "[t]he petitioner has filed no pleading to contest the special defense as to this claim. The court finds that the petitioner has failed to sustain his burden to establish good cause for his failure to raise this claim on direct appeal." The court refused to address the petitioner's argument that his assertion of ineffective assistance of counsel made his claim not susceptible to procedural default. The court later found that the petitioner's fourth claim of ineffective assistance of counsel was without basis on the merits because the petitioner failed to prove that his trial counsel was deficient in failing to inquire further into the petitioner's mental status and medicated state at the time of his plea. The court incorpo-

rated those findings into its decision as to the petitioner's first claim.

Under the procedural default doctrine, "a claimant may not raise, in a collateral proceeding, claims that he could have made at trial or on direct appeal in the original proceeding," unless he can prove that his default by failure to do so should be excused. *Hinds* v. *Commissioner of Correction*, 151 Conn. App. 837, 852, 97 A.3d 986 (2014), aff'd, 321 Conn. 56,     A.3d (2016). "When a habeas petitioner has failed to file a motion to withdraw his guilty plea or to challenge the validity of the plea on direct appeal, a challenge to the validity of the plea in a habeas proceeding is subject to procedural default . . . . A respondent seeking to raise an affirmative defense of procedural default must file a return to the habeas petition responding to the allegations of the petitioner and alleg[ing] any facts in support of any claim of procedural default. . . . Only after the respondent raises the defense of procedural default in accordance with [Practice Book] § 23-30 (b) does the burden shift to the petitioner to allege and prove that the default is excused." (Citations omitted; internal quotation marks omitted.) *Crawford* v. *Commissioner of Correction*, 294 Conn. 165, 175–76, 982 A.2d 620 (2009). The petitioner can prove that the default is excused by making "both a showing of cause for his failure to raise the claim and also a showing of actual prejudice." *Brewer* v. *Commissioner of Correction*, 162 Conn. App. 8, 17, 130 A.3d 882 (2015).

When a petitioner who has not sought to withdraw his plea or challenged it on direct appeal alleges in a habeas proceeding that his guilty plea was tendered as a result of ineffective assistance of counsel, "the court need not apply the cause and prejudice test . . . in determining whether to grant the habeas petition because application of the two-pronged test in *Strickland* [v. *Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)], as modified for guilty plea cases by *Hill* v. *Lockhart*, 474 U.S. 52, 59, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1985), accomplishes the same result. . . . [I]f a petitioner can prove that his attorney's performance fell below acceptable standards, and that, as a result, he was deprived of a fair trial or appeal, he will necessarily have established a basis for cause and will invariably have demonstrated prejudice." (Citations omitted; internal quotation marks omitted.) *Johnson* v. *Commissioner of Correction*, supra, 285 Conn. 571–72. This court has since interpreted *Johnson* to mean that "when a habeas petitioner alleges ineffective assistance of trial counsel in connection with his plea of guilty, his failure to move to withdraw his plea or to challenge his plea on direct appeal will not constitute procedural default." *Caban* v. *Commissioner of Correction*, 113 Conn. App. 165, 174, 965 A.2d 601, cert. denied, 292 Conn. 901, 971 A.2d 40 (2009).[5]

The petitioner argues that his first claim is not subject to procedural default because in his reply to the respondent's special defense of procedural default, he pleaded that the alleged default resulted from ineffective assistance of counsel. In the habeas court's memorandum of decision, it treated the petitioner's first claim as a separate claim alleging that the petitioner did not enter a voluntary, knowing, and competent guilty plea due to his medicated state, apart from any claim of ineffective assistance of counsel. Accordingly, the habeas court found that only the petitioner's first claim was subject to procedural default.

To the extent that the petitioner relies on the claim that his guilty plea was involuntary due to his medicated state, *untethered to his claim of ineffective assistance of counsel*, the habeas court was correct in its conclusion that the claim is subject to procedural default. This is precisely the type of claim that can, and must, be raised either on direct appeal or by way of a motion to withdraw the plea in order to avoid procedural default. See, e.g., *Crawford* v. *Commissioner of Correction*, supra, 294 Conn. 165. It is undisputed that the petitioner failed to do either, and he offered no evidence of cause for this procedural default.

If the petitioner relies on the claim that his plea was involuntarily tendered *resulting from* his trial counsel's failure to inquire about his medicated state at the time of the plea, the claim would amount to a repetition of his fourth count of ineffective assistance of counsel. The habeas court specifically, and correctly, stated in its memorandum of decision that the petitioner's ineffective assistance of counsel claim was *not* procedurally defaulted. The court went on to deny that claim on its merits. The petitioner has appealed that decision and we discuss it in part II of this opinion.

We conclude that the habeas court correctly determined that the petitioner's first claim, apart from his ineffective assistance of counsel claim, was procedurally defaulted. Thus, the petitioner has failed to show that this claim involves issues that are debatable among jurists of reason, that a court could resolve the issues in a different manner or that the questions are adequate to deserve encouragement to proceed further. Accordingly, the court did not abuse its discretion when it denied the petition for certification to appeal this claim.

II

The petitioner's second claim on appeal is that the habeas court abused its discretion when it denied his petition for certification to appeal from the court's rejection of his claim that counsel provided ineffective assistance by failing to inquire as to the petitioner's competency to enter a knowing and voluntary plea. Specifically, the petitioner contends that his trial counsel was deficient by failing to investigate whether the

petitioner was on the drug Risperdal at the time he entered his guilty plea, and, therefore, whether the petitioner was competent to plead.[6] Additionally, the petitioner contends that his trial counsel was deficient by failing to advise the court that the petitioner was on the drug Risperdal at the time of the plea.[7] The respondent argues that the habeas court correctly concluded that the petitioner failed to demonstrate deficient performance and, thus, properly denied the petition for certification to appeal. We agree with the respondent.

The following facts are relevant to this claim. The petitioner's arrest and subsequent conviction stemmed from inculpatory statements he made to the police that both he and his wife had physically abused their four month old daughter. Throughout the pendency of the case, the petitioner experienced bouts of crying which, in part, led the court, *Damiani, J.*, to order that he undergo a competency evaluation. The petitioner was examined by a clinical team, which unanimously determined that he "had the capacity to understand the proceedings pending against him and had the ability to assist in his own defense." The team's report also contained information about the petitioner's use of the drug Risperdal, which had been prescribed to treat a "poorly controlled tic disorder" related to the petitioner's diagnosis of Tourette's Syndrome. In November, 2010, the court, *Damiani, J.*, found the petitioner legally competent to stand trial.

The petitioner's trial counsel testified at the habeas trial that the petitioner was "always very conversant" and that he did not notice the petitioner having difficulty remembering conversations. He also testified that, throughout his representation of the petitioner, the petitioner was adamant about taking personal responsibility for what happened to his daughter, insisting that he did not want his wife to be convicted. Because of this, the petitioner's trial counsel thought it best to negotiate a plea for the petitioner rather than to develop a trial strategy. Plea negotiations with the court commenced in November, 2010. Ultimately, the petitioner agreed to the plea bargain proposed by the court, under which he was scheduled to plead guilty on December 2, 2010. The petitioner's trial counsel testified that prior to the petitioner's pleading guilty, he reviewed the plea canvass with the petitioner, who seemed to understand their conversation and to be "articulate" and "more than alert." The petitioner's trial counsel testified that he believed there were no "impediments to [the petitioner's] plea."

During the plea canvass, when the court asked the petitioner if he had taken any medication that day, the petitioner responded "No sir, I haven't." The court also asked the petitioner if he was satisfied with his trial counsel's legal representation, to which the petitioner responded "Yes, sir, very satisfied." After the canvass,

the court accepted the petitioner's guilty plea on both counts. The petitioner's trial counsel testified that he had no reason to dispute the petitioner's answer to the court's question that he was not then on medication. The habeas court credited the testimony of the petitioner's trial counsel "as to his actions in the representation of the petitioner."

The petitioner testified that he began taking Risperdal in 2004 and that he thought he was on the medication at the time of his plea. He testified that throughout his case, he tried to tell his trial counsel about his Risperdal use, but that it seemed like his trial counsel "just wasn't even interested." The petitioner also testified that the Risperdal made him feel like he was in a fog, and that he did not remember his trial counsel ever discussing the plea agreement with him, the trial court's plea canvass on December 2, 2010, or his entry of a guilty plea on that day. The petitioner was shown a transcript of his plea hearing but still testified that he did not remember it.

In denying the petitioner's claim of ineffective assistance of counsel for failure to inquire about his mental condition at the time of the plea, the habeas court found the petitioner not credible. The court found that he "testified in a manner that alternated between clear, precise recollection, vague memories and a complete lack of recall, based, in this court's view, on which benefited him most at the time." In making that determination, the court noted that both the competency evaluation in November, 2010, and a different psychiatric evaluation in May, 2010, described the petitioner as "manipulative." The court also credited the findings of the competency evaluators that the petitioner was competent to stand trial. In the end, the court found that the petitioner had failed to present evidence of being " 'overly medicated' " at any point in his criminal proceedings, and that he testified "unconvincingly as to [his alleged] intellectual and memory deficits." The court further credited the testimony of the petitioner's trial counsel that he had no occasion to be concerned with the petitioner's plea or mental state. Lastly, the court credited the petitioner's responses to the court's plea canvass on December 2, 2010, as "compelling evidence of his knowing, voluntary and intelligent guilty" plea. It was on the basis of those findings that the court concluded that the petitioner had failed to establish that his trial counsel's performance was deficient, and, thus, that he had rendered ineffective assistance.

"A habeas petitioner can prevail on a constitutional claim of ineffective assistance of counsel [only if he can] establish both (1) deficient performance, and (2) actual prejudice. . . . For ineffectiveness claims resulting from guilty verdicts, we apply the two-pronged standard set forth in *Strickland* v. *Washington*, [supra, 466 U.S. 687]; *Levine* v. *Manson*, 195 Conn. 636, 639–40,

490 A.2d 82 (1985). For effectiveness claims resulting from guilty pleas, we apply the standard set forth in *Hill* v. *Lockhart*, [supra, 474 U.S. 59,] which modified *Strickland*'s prejudice prong. . . .

"To satisfy the performance prong, the petitioner must show that counsel's representation fell below an objective standard of reasonableness. . . . A petitioner who accepts counsel's advice to plead guilty has the burden of demonstrating on habeas appeal that the advice was not within the range of competence demanded of attorneys in criminal cases. . . . The range of competence demanded is reasonably competent, or within the range of competence displayed by lawyers with ordinary training and skill in the criminal law. . . . Reasonably competent attorneys may advise their clients to plead guilty even if defenses may exist. . . . A reviewing court must view counsel's conduct with a strong presumption that it falls within the wide range of reasonable professional assistance. . . .

"To satisfy the prejudice prong, the petitioner must show a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. . . . Reasonable probability does not require the petitioner to show that counsel's deficient conduct more likely than not altered the outcome in the case, but he must establish a probability sufficient to undermine confidence in the outcome. . . . A reviewing court can find against a petitioner on either ground, whichever is easier." (Internal quotation marks omitted.) *Shelton* v. *Commissioner of Correction*, 116 Conn. App. 867, 874–75, 977 A.2d 714, cert. denied, 293 Conn. 936, 981 A.2d 1080 (2009), citing *Mock* v. *Commissioner of Correction*, 115 Conn. App. 99, 104–05, 971 A.2d 802, cert. denied, 293 Conn. 918, 979 A.2d 490 (2009).

The petitioner claims that his trial counsel rendered ineffective assistance at the time his guilty plea was entered because counsel failed to investigate whether the petitioner was on the drug Risperdal at the time of the plea and whether he was competent to plead. On the basis of our review of the record, we conclude that the facts, as found by the habeas court, were not clearly erroneous, and that its ultimate conclusion that the petitioner's counsel was not ineffective was legally correct. Accordingly, we conclude that the petitioner has failed to show that this claim involves issues that are debatable among jurists of reason, that a court could resolve the issues in a different manner, or that the questions are adequate to deserve encouragement to proceed further. Thus, the habeas court did not abuse its discretion when it denied the petition for certification to appeal this claim.

The appeal is dismissed.

In this opinion the other judges concurred.

* In accordance with our policy of protecting the privacy interests of the

victims of sexual abuse and the crime of risk of injury to a child, we decline to use the defendant's full name or to identify the victim or others through whom the victim's identity may be ascertained. See General Statutes § 54-86e.

[1] The petitioner made an additional argument that this court can and should find that he was prejudiced by his trial counsel's deficient performance, even though the habeas court did not make any factual findings on this issue. Because we are dismissing the appeal on other grounds, we do not reach this argument. See *Mock* v. *Commissioner of Correction*, 115 Conn. App. 99, 105, 971 A.2d 802, cert. denied, 293 Conn. 918, 979 A.2d 490 (2009).

[2] General Statutes § 53a-59 (a) provides in relevant part: "A person is guilty of assault in the first degree when . . . (3) under circumstances evincing an extreme indifference to human life he recklessly engages in conduct which creates a risk of death to another person, and thereby causes serious physical injury to another person . . . ."

[3] General Statutes § 53-21 (a) provides in relevant part: "Any person who (1) wilfully or unlawfully causes or permits any child under the age of sixteen years to be placed in such a situation that the life or limb of such child is endangered, the health of such child is likely to be injured or the morals of such child are likely to be impaired, or does any act likely to impair the health or morals of any such child . . . shall be guilty of . . . a class C felony . . . ."

[4] The petitioner asserted two other claims of ineffective assistance of trial counsel in his revised amended petition for writ of habeas corpus, both of which were denied by the habeas court. Because he did not pursue either of those claims on appeal, we deem them abandoned.

[5] In his brief, the petitioner suggests that we follow the District Court's ruling in *Magee* v. *Romano*, 799 F. Supp. 296, 300 (E.D.N.Y. 1992), which he claimed held that if a trial attorney's ineffective assistance led to an involuntary guilty plea, and, therefore, waiver of further proceedings, the petitioner should not be procedurally defaulted from raising the claim for the first time in a habeas corpus proceeding. We will not address this argument because we have reached the same result on other grounds.

[6] In making this argument, the petitioner urges us to adopt the federal court's analysis in *Agan* v. *Singletary*, 12 F.3d 1012, 1019 (11th Cir. 1994), which held that the petitioner's attorney was ineffective, in part, because he did not inquire deeper into the petitioner's competency to plead guilty. *Agan* is distinguishable from the present case and, therefore, we decline to follow it. In *Agan*, the petitioner, James Agan, refused to submit to a competency examination, and the court stated that "[a]n attorney cannot blindly follow a client's demand that his competency not be challenged." Id., 1018. The court further relied on the fact that the attorney "made no independent inquiry into Agan's psychiatric background" and that he "ended further inquiry regarding Agan's mental fitness when Agan refused to submit to a psychiatric examination." Id. In the present case, however, the petitioner did submit to a competency evaluation, which provided his attorney with information regarding the petitioner's mental and medical history sufficient to render effective assistance. Therefore, we decline to follow *Agan*.

[7] The respondent contends that the petitioner's claim of ineffective assistance of counsel for *failure to advise the court* of the petitioner's use of Risperdal at the time of the plea was inadequately briefed and, therefore, is unreviewable. This court previously has determined that if a petitioner asserts a claim in his statement of issues but thereafter devotes to it only "cursory attention in [his] brief without substantive discussion or citation of authorities"; (internal quotation marks omitted) *State* v. *Monahan*, 125 Conn. App. 113, 122, 7 A.3d 404 (2010), cert. denied, 299 Conn. 926, 11 A.3d 152 (2011); that claim is deemed abandoned and, therefore, is unreviewable. Accordingly, we agree with the respondent that this claim was inadequately briefed and we decline to review this claim.